Mandell & Wright, Ben N. Ramey, of Houston, Tex., and W. J. Durham, of Dallas, Tex., for plaintiffs.

Will Sears, City Atty., and Herman W. Mead, Asst. City Atty., of Houston, Tex., for defendants.

**BEAL et al. v. HOLCOMBE,**
**Mayor, et al.**
**Civ. A. No. 5407.**

United States District Court S. D. Texas, Houston Division.

Dec. 4, 1950.

KENNERLY, Chief Judge.

The City of Houston, in this District and Division, maintains a System of Public Parks. In such System there are 19 parks and 2 parks in process of preparation and equipment for use or partial use. Also certain recreation facilities and activities at 4 public housing projects. Of such 21 parks, 17 are for the use of white people and 4 are for the use of the Negroes, i. e., Emancipation Park and Finnegan Park, now being used, and Independence Heights Park and Clinton Park, in process of preparation. Two of the 4 facilities and activities at the housing projects are for the use of Negroes and 2 for the use of white people. In 3 of such parks, to-wit, Memorial Park, Glenbrook Park, and Hermann Park, used by white people, there are public golf courses for the exclusive use of white people. In the 4 parks used and to be used by Negroes, there are no golf courses. In the remaining 14 parks used by white people, there are no golf courses. This is a

suit by a group of Negroes for themselves and others similarly situated, complaining that the Negroes have no golf courses and seeking declaratory judgment that the above policy and practices of defendants with respect to golf courses are unlawful and violate their rights and the rights of others for whom they sue under the Constitution of the United States. They also pray that defendants, Oscar Holcombe, Mayor of Houston, and other Members of the Council of the City of Houston be required to admit Negroes to play golf on such three golf courses, etc. They also pray that Article 1015b of the Vernon's Texas Civil Statutes and Section 1434 of the Ordinances of the City of Houston be declared to be unconstitutional. They also pray for injunction, restraining defendants from further following or carrying on their policies and practices with respect to such matters.

All the facts have been stipulated by stipulation filed July 14, 1950. No good purpose would be served by copying it, but it is referred to. One witness testified that there are approximately 500 Negroes in the City of Houston who desire to play golf.

1. There is jurisdiction here under Section 1331 of Title 28 of the United States Code of September 1, 1948.

2. Neither the pleadings, the stipulation, nor the evidence permit or require the assembling of a Three-Judge-Court to hear this case.

Insofar as Article 1015b is concerned, I gravely doubt whether such Article has any application here. It seems to apply to the zoning of residence areas as between white people and Negroes.

3. It has long been established that the States may provide for the separation of the Negro race and the white race in certain public places and public institutions. The leading case upholding segregation is, of course, Plessy v. Ferguson, 163 U.S. 537, 16 S.Ct. 1138, 41 L.Ed. 256. There are many cases which follow.

In the more recent decisions of the Supreme Court of the United States, to-wit, Sweatt v. Painter, 339 U.S. 629, 70 S.Ct. 848, 94 L.Ed. 1114; Henderson v. United States, 339 U.S. 816, 70 S.Ct. 843, 94 L.Ed. 1302; McLaurin v. Oklahoma State Regents, 339 U.S. 637, 70 S.Ct. 851, 94 L.Ed. 1149, segregation in tax supported institutions, including parks, etc., was not struck down and may be still regarded as lawful, provided, of course, the facilities furnished or provided for each race are substantially equal. See also memorandum Per Curiam Opinion of the Supreme Court in Rice v. Arnold, 340 U.S. 848, 71 S.Ct. 77, 95 L.Ed. 621.

So that the action of the City of Houston in setting aside certain of its parks for the use of white people and certain others for the use of Negroes may be regarded as lawful if the facilities furnished or provided for each race are substantially equal.

4. The stipulation shows that the 4 parks used and to be used exclusively by the Negroes have substantially the same facilities and equipment as the 17 parks used exclusively by the white people, except that 3 of the parks used exclusively by the white people have golf courses. Plaintiffs say that this renders them substantially unequal. It is contended that even though the parks used by the Negroes contain such outdoor advantages as tennis courts, baseball diamonds, softball diamonds, playgrounds and apparatus, picnic grounds with tables and other equipment, they are not substantially equal to those used by the white people, solely because they have no golf courses. The contention is not meritorious. While it does not affirmatively appear that the out-of-door facilities provided by the City in the parks include many worthy games and activities of other and former days such as town ball, mumble peg, tournaments, ring base, bush ranger, etc., it does appear that the City with wholesome care has provided for present day activities of both races. I do not think the failure to provide golf courses in parks used by the Negroes is either as a matter of law or fact a discrimination against the Negroes.

Judgment for defendants. Let appropriate decree be drawn and presented.