**HEYWARD et al.**

**v.**

**PUBLIC HOUSING ADMINISTRA-
TION et al.**

**No. 11865.**

United States Court of Appeals,
District of Columbia Circuit.

Argued Feb. 9, 1954.

Decided March 18, 1954.

---

2. Replaced by 66 Stat. 798, 35 U.S.C.A. § 112 (Supp.1953).

Mr. Frank D. Reeves, Washington, D. C., and Mrs. Constance Baker Motley, New York City, of the bar of the Court of Appeals of New York, pro hac vice, by special leave of Court, for appellants.

Mr. Donald M. MacGuineas, Attorney, Department of Justice, of the bar of the Supreme Court of Illinois, pro hac vice, by special leave of Court, with whom Messrs. Leo A. Rover, U. S. Atty., and Edward H. Hickey, Attorney, Department of Justice, were on the brief, for appellees.

Before EDGERTON, PRETTYMAN and FAHY, Circuit Judges.

FAHY, Circuit Judge.

The appellants, to whom we shall refer for convenience as plaintiffs, sued in the United States District Court for the District of Columbia to obtain a declaratory judgment and to enjoin the Federal Public Housing Administration, its Commissioner, and the Housing and Home Finance Agency, and its Administrator. The complaint sought an adjudication whether, without violating rights secured to plaintiffs under the Fifth Amendment, the Housing Act of 1937, as amended,[1] and certain provisions of the Civil Rights Acts of 1866 and 1870,[2] defendants could give Federal financial and other assistance to the Housing Authority of Savannah, Georgia, a State agency, in connection with a low-rent public housing project from which plaintiffs, who are Negroes, would be denied admission solely because of their race and color.

Plaintiffs allege they are citizens of the United States and of the State of Georgia, and residents of Savannah. They reside there on a site which has been condemned by the Housing Authority of Savannah for the construction thereon pursuant to the Housing Act of 1937, as amended,[3] of a low-rent public housing project to be known as the Fred Wessels Homes. Plaintiffs are to be displaced by the project. Furthermore, they are to be denied consideration for admission to and are to be excluded from the facilities of the project solely because of their race and color notwithstanding, as the complaint continues, they meet all lawful requirements. Defendant Public Housing Administration, of which defendant Egan is Commissioner, is a corporate agency and instrumentality of the United States which administers the pertinent Housing Act. It has entered into a contract with the Housing Authority of Savannah to give Federal assistance to the Savannah project notwithstanding the plan of the Savannah agency, approved by defendants, is to limit occupancy of the project to white families.[4]

The District Court granted defendants' motion for summary judgment and dismissed the complaint above outlined. In its opinion the court referred to an affidavit submitted with the motion showing that several projects have been or are being constructed in Savannah under the Housing Act, some limited to

1. 50 Stat. 888 et seq., as amended, 42 U. S.C.A. § 1401 et seq.

2. Rev.Stat. §§ 1977, 1978, 8 U.S.C.A. §§ 41, 42, now 42 U.S.C.A. §§ 1981, 1982.

4. The Regulations of the Public Housing Administration require that programs for the development of low-rent housing reflect equitable provision for eligible families of all races but do not require that housing be made available on a nonsegregated basis.

white and others to colored residents, with a greater number of accommodations for the latter than for the former. The court concluded that under decisions of the Supreme Court no constitutional rights of plaintiffs were violated since equal though separate facilities were furnished Negroes and whites.

We think the important constitutional issues raised, which ought not to be disposed of in the absence of necessity, Rescue Army v. Municipal Court of City of Los Angeles, 331 U.S. 549, 568, 67 S.Ct. 1409, 91 L.Ed. 1666, were not ready for decision. The construction and administration of the housing project is in the immediate control of the Savannah Housing Authority, which is not before the court. That agency formulated the challenged policy. Its plan has been approved by defendants but such approval is by way of contractual arrangements between the State and Federal agencies. Litigation which seeks judicial declaration of the constitutional invalidity of those arrangements ought not to proceed without opportunity to the State agency to be heard as a party. We do not now decide that the presence of the Savannah Housing Authority is indispensable, but in any event it is conditionally necessary within the meaning of Rule 19(b), Fed.R.Civ.P., 28 U.S.C.A. Compare Gauss v. Kirk, 91 U.S.App.D.C. 80, 198 F.2d 83.

Rule 19(b) provides that when one not indispensable ought to be a party if complete relief is to be accorded between those who are, and is subject to the court's jurisdiction and can be made a party without depriving the court of jurisdiction of those before it, the court shall order him summoned to appear. The present case does not fall within this provision because the Savannah Housing Authority seems not to be subject to the jurisdiction of the court below. But the Rule further provides that in its discretion the court, in that situation, may proceed without such party.[5] The court may also refuse to proceed without him, for discretion to proceed implies discretion not to do so. See Samuel Goldwyn, Inc. v. United Artists Corporation, 3 Cir., 113 F.2d 703, 707. With the controversy in its present status the proper course is for the District Court not to exercise jurisdiction in the absence of the Savannah Housing Authority. This would not involve an adjudication of the merits or foreclose the later exercise of discretion to entertain a suit in this jurisdiction in the absence of such Authority should later circumstances establish the appropriateness of such procedure.[6] Opportunity is thus afforded plaintiffs to seek to bring both Federal and State agencies before a court of competent jurisdiction.

The procedure above outlined as the course to be followed within the discretion available to the court below finds support in the analogous principle that "A declaratory judgment, like other forms of equitable relief, should be granted only as a matter of judicial discretion, exercised in the public interest. * * *" Eccles v. Peoples Bank, 333 U.S. 426, 431, 68 S.Ct. 641, 644, 92 L. Ed. 784; Consumer Mail Order Ass'n

---

5. The full text of Rule 19(b) is as follows:

"(b) Effect of Failure to Join. When persons who are not indispensable, but who ought to be parties if complete relief is to be accorded between those already parties, have not been made parties and are subject to the jurisdiction of the court as to both service of process and venue and can be made parties without depriving the court of jurisdiction of the parties before it, the court shall order them summoned to appear in the action. The court in its discretion may proceed in the action without making such persons parties, if its jurisdiction over them as to either service of process or venue can be acquired only by their consent or voluntary appearance or if, though they are subject to its jurisdiction, their joinder would deprive the court of jurisdiction of the parties before it; but the judgment rendered therein does not affect the rights or liabilities of absent persons."

6. If it should then be held that the Savannah Housing Authority is an indispensable party, a question we leave open, the court of course could not proceed. See note 5, supra. But a discretion not to proceed exists until the question of indispensability is determined.

of America v. McGrath, D.C.D.C., 94 F. Supp. 705, 709, affirmed, 340 U.S. 925, 71 S.Ct. 500, 95 L.Ed. 668; Samuel Goldwyn, Inc. v. United Artists Corporation, supra, 113 F.2d at page 709. The present action is primarily one for a declaratory judgment; and while it is in the public interest for plaintiffs to obtain the relief to which they might be entitled under the law, others who ought to be heard should be before the court in the process of determining the right to such relief. An injunction is also sought, but even were we to consider the prayer therefor as not incidental to that for a declaratory judgment, and therefore not within the discretion governing the latter, the District Court would hardly be justified in the present circumstances in exercising its discretion to grant independently the injunctive type of equitable relief in the absence of the Savannah Housing Authority.

The judgment dismissing the complaint will be affirmed, solely on the ground that in the exercise of a sound discretion jurisdiction should not now be entertained by the District Court to dispose of the issues in the absence of the Savannah Housing Authority as a party.

It is so ordered.