Prince HEYWARD et al., Plaintiffs,

v.

PUBLIC HOUSING ADMINISTRATION, body corporate and its officers, Charles E. Slusser, Arthur R. Hanson,

and

Housing Authority of Savannah, body corporate and its officers, Defendants.

Civ. A. 753.

United States District Court
S. D. Georgia, Savannah Division.

Oct. 21, 1955.

A. T. Walden, Atlanta, Ga., Frank D. Reeves, Washintgon, D. C., Thurgood Marshall, Constance Baker Motley, New York City, for plaintiff Heyward and others.

William C. Calhoun, U. S. Atty., Augusta, Ga., Donald H. Fraser, Asst. U. S. Atty., Savannah, Ga., Warren E. Burger, Asst. Atty. Gen., Edward H. Hickey, Dept. of Justice, Donald B. MacGuineas, Dept. of Justice, Washington, D. C., for Public Housing Administration.

Myrick & Myrick, George C. Heyward, Savannah, Ga., for defendants, Housing Authority of Savannah.

218

SCARLETT, District Judge.

The above entitled cause comes on before this Court for a hearing, upon motions filed separately by the Attorney General of the United States in behalf of the Public Housing Administration, and upon separate motion filed by the Housing Authority of Savannah and its officers through its attorneys, to dismiss the plaintiffs' petition upon grounds set forth in said separate motions.

The motions of the Public Housing Administration through the Attorney General of the United States were disposed of in a separate order, which sustains the Government's position that it has no part in this controversy.

This opinion and order deals only with the motion of the Housing Authority of Savannah and its officers to dismiss the plaintiffs' petition and complaint.

This suit, instituted by Prince Heyward and seventeen other plaintiffs, in so far as the Housing Authority of Savannah and its officers are concerned, is in the form of a prayer for Declaratory Judgment to compel the admission of the plaintiffs to a white public housing project in the City of Savannah known as the Fred Wessels Homes and to any other white low rent housing project operated by the defendants, and also for an injunction against the said defendants, and for the recovery of damages in the sum of Five Thousand Dollars ($5,000.00) for each of the plaintiffs against the Housing Authority of Savannah and its officers.

In brief, these plaintiffs contend, in their petition, they have priority and statutory preference to be admitted as tenants in the said Fred Wessels Homes, a white project which was erected, they contend, by public money contributed by the Public Housing Administration of the United States, and to be admitted to any other low rent white housing project operated by the defendants.

They allege that they have been denied admission to this project solely because they are negroes and that their constitutional rights have thus been violated in the manner and form set out in their petition. If they were correct the Court would grant their prayers.

The Housing Authority of Savannah and its officers, through their attorneys, in addition to filing a motion to dismiss the plaintiffs' petition upon a number of grounds set out in their motion, have also filed a motion for more definite statements in the plaintiffs' petition and complaint upon several grounds therein set forth.

While this Court is in the opinion that some of the grounds of the motion for more definite statements in the plaintiffs' petition and complaint are well founded, such as the failure of the plaintiffs to allege therein that they ever applied for admission into the Fred Wessels Homes, the Court does not deem it essential to pass upon the motion for more definite statements in the plaintiff's petition and complaint.

The Court is of the opinion that the case can be disposed of upon one important ground as herein set forth.

Conclusions of Law

These same plaintiffs, or the majority of them, filed several years ago a suit for Declaratory Judgment and Injunction in the United States District Court for the District of Columbia to restrain the Commissioner of the Public Housing Authority of the United States from giving Federal and financial assistance to the construction of the Fred Wessels Homes before it was erected.

The District of Columbia dismissed the plaintiffs' petition and complaint and upon appeal to the Court of Appeals, the judgment of the District Court for the District of Columbia was affirmed. See Heyward v. Public Housing Administration, 94 U.S.App.D.C. 5, 214 F.2d 222.

It is important to note that in the decision of the United States District Court, the District Judge placed in his opinion the following:

"Under the so-called 'separate but equal' doctrine which is still the law under the Supreme Court decisions, it is entirely proper and does not constitute a violation of Constitu-

tional rights for the Federal Government to require people of the white and colored races to use separate facilities, provided equal facilities are furnished to each."

That Court also stated:

"Defendant Public Housing Administration, of which defendant Egan is Commissioner, is a corporate agency and instrumentality of the United States which administers the pertinent Housing Act. It has entered into a contract with the Housing Authority of Savannah to give Federal assistance to the Savannah project notwithstanding the plan of the Savannah agency, approved by defendants, is to limit occupancy of the project to white families."

"4. The Regulations of the Public Housing Administration require that programs for the development of low-rent housing reflect equitable provision for eligible families of all races but do not require that housing be made available on a non-segregated basis."

This same principle, as announced by the District of Columbia, was held to be the law in the case of Beal v. Holcombe, 5 Cir., 193 F.2d 384.

This case involved a petition by Beal and others, all colored citizens of the City of Houston who were denied the privilege of playing golf on the municipal golf course solely because they were negroes.

The district court, 103 F.Supp. 218, denied the petition of the plaintiffs for the privilege of playing on the golf course erected for white persons. On appeal to the Circuit Court of Appeals of the Fifth Circuit, the judgment of the district court was reversed with directions.

The Circuit Court of Appeals declared that the refusal to allow plaintiffs and others similarly situated, because they were negroes, to make use, on a substantially equal basis with white persons, of municipal facilities for playing golf was a forbidden discrimination, but that at the same time, the Circuit Court of Appeals of the Fifth Circuit decreed that

the City of Houston should be given reasonable time and opportunity to prepare and put into effect regulations for the use of municipal golf facilities which, while preserving segregation, will be in full and fair accord with its principle. This principle is that [193 F.2d 388]:

" 'The admissibility of laws separating the races in the enjoyment of privileges afforded by the State rests wholly upon the equality of the privileges which the laws give to the separated groups within the State.' "

The Supreme Court of the United States denied certiorari in this case. 347 U.S. 974, 74 S.Ct. 783, 98 L.Ed. 1114.

In other words, this decision of the Circuit Court of Appeals in the Beal case recognized the doctrine and law of separate but equal facilities for white and colored citizens.

The same identical case was instituted in the City of Atlanta recently by certain Negroes against the Mayor and Aldermen of the City of Atlanta complaining that they had been denied the right to play golf upon the golf course built and maintained by the City of Atlanta solely for white persons.

Judge Sloan, the District Court Judge, followed this decision in the Beal case and directed that the City of Atlanta be given time to construct golf courses for Negroes equal to those already constructed for white persons.

It is significant that Counsel for the plaintiffs in this case cited in their brief the precise language used by the District Court of Columbia which has been herein quoted, although they seek to differentiate that law.

It appears from the pleadings in the case at bar on page ten, paragraph nineteen of their petition that the plaintiffs have made the following allegation:

"This racial segregation policy in operation has resulted in the designation of certain public housing projects for occupancy by qualified white families and in the designation of certain other public housing projects for occupancy by qualified

Negro families. No eligible white family is considered for, or admitted to a project designated by defendants of occupancy by low income Negro families and no eligible Negro family is considered for or admitted to a project designated by defendants for occupancy by low-income white families."

From this allegation, it is thus clearly set forth by the plaintiffs that the defendants have erected public housing projects in Savannah for occupancy by qualified white families and separate public housing projects for occupancy by qualified Negro families.

There is no allegation anywhere in the petition that these separate facilities provided for Negro families were not equal in kind to those erected for occupancy by white families.

 The Court therefore holds that, in the absence of such an allegation, the public housing projects erected for the colored families, which would include the plaintiffs in this case, are equal in kind to those erected for the white families; and that accordingly the legal doctrine of separate but equal facilities is still the law of the land and controls this case.

Counsel for the plaintiffs, in their oral argument and in their brief, confirmed the allegation of the nineteenth paragraph of their petition by the statement that there were Three (3) white housing projects erected by the defendants in Savannah and Three (3) colored housing projects erected by the defendants in Savannah.

Accordingly, it is clear, in the absence of any allegation to the contrary, that the Three (3) colored housing projects in Savannah are equal in kind to the Three (3) white housing projects in Savannah.

This Court is, therefore, of the opinion that none of the constitutional rights of the plaintiffs, as alleged in their petition in a number of different places, are being violated by the defendants in this case, especially as it does not appear from the petition of the plaintiffs in this case that these plaintiffs have been denied permission to become tenants in the colored housing projects in Savannah.

This Court is further of the opinion that the so-called Civil Rights Section of the United States Code found in Title 8, United States Code § 42, has no application to the facts of this case as set forth in the plaintiffs' petition and complaint. If, as appears from this petition of the plaintiffs, the plaintiffs in this case are afforded equal though separate housing facilities erected and maintained by the defendants, then the civil rights of these plaintiffs have in no wise been violated.

The Motion of the defendant Housing Authority of Savannah and its officers, through its Counsel, to dismiss the plaintiffs' petition and complaint, insofar as they are concerned, is hereby granted.