Stephen TATE, Clara Cochran, David Frost, Jr., Adolphus Cummings, Annie Bell Crews, Oscar Bouer, Gennie M. Griffin, Willie Griffin, Dan Walker, Lula Young, on behalf of themselves and others similarly situated, Plaintiffs,

v.

The CITY OF EUFAULA, ALABAMA, a municipal corporation; The Housing Authority of the City of Eufaula, Alabama, a public corporation, and Harry Wrighton, Executive Director, Housing Authority of the City of Eufaula, Alabama, Defendants.

Civ. A. No. 1442–N.

United States District Court
M. D. Alabama, N. D.

Aug. 5, 1958.

Fred Gray, Montgomery, Ala., for plaintiffs.

Grubb & LeMaistre, Eufaula, Ala., and Hill, Hill, Stovall & Carter, Montgomery, Ala., for defendants.

JOHNSON, District Judge.

This cause is now submitted upon the motion of the defendants seeking to have the Court dismiss the action.

The action was instituted by the above-named adult Negro citizens, all of Eufaula, Barbour County, Alabama, as plaintiffs on behalf of themselves and others similarly situated. Institution of such a class action is authorized by Rule 23(a) (3) of the Federal Rules of Civil Procedure, 28 U.S.C.A. The plaintiffs own property in an area located within the City of Eufaula, Alabama, which area is to be redeveloped with federal financial assistance as authorized by the Urban Renewal Administration of the United States Government (Housing Act of 1949, as amended; Title 42 U.S.C.A. §§ 1450–1483). The plan in general calls for the purchase or the condemnation of all residences in the area designated for redevelopment.

Each of the plaintiffs resides in a house within the development area which has been designated for redevelopment. Each plaintiff will be required to vacate his or her home after it has been purchased or legally condemned.

The defendant City of Eufaula, Alabama, is a municipal corporation, organized and existing under the laws of the State of Alabama. The defendant Housing Authority is a public corporation, or-ganized and existing under the laws of the State of Alabama. The defendant Wrighton is the Executive Director of said Housing Authority. These defendants are authorized by the laws of the State of Alabama to adopt and effectuate plans for such redevelopment program.

Specifically, the redevelopment plan calls for, after purchase or condemnation of the property within the prescribed area, demolition of the structures upon the theory the area is a blighted one, for construction of new streets, and the installation of other improvements, such as sewage facilities—all toward preparation of the area for redevelopment. It is contemplated that most of the land will ultimately be sold or leased to private parties for residential development in accordance with said plan. Said plan also authorizes the eventual sale of certain of the lands to the City of Eufaula to be redeveloped by said city as a park and recreational area. The plan also authorizes the eventual acquisition of some of said area for the purpose of constructing school facilities by the Board of Education. In the event the Board of Education does not acquire from the Housing Authority any of the area for school purposes, the plan authorizes the sale or lease of that part of the area to private individuals for residential purposes.

Plaintiffs allege a "tacit understanding" between all defendants and the private enterprise interest (not designated or identified) that such homes are to be sold or leased only to white persons. Plaintiffs also allege that it is defendants' "policy, custom and usage" to segregate Negro and white persons in public programs and activities, and that it is their "plan" to do so after construction of the housing project, the school, the park, and the development of the residential area.

No contracts have been entered into (nor have negotiations commenced) between any of these defendants, or any defendant and anyone else, concerning the proposed school, park, or private dwellings. However, the plan requires

that any such contract contain a provision "to the effect that no agreement, lease, conveyance or other instrument shall be effected or executed * * * with respect to any land in the project area owned by them which will restrict, upon the basis of race, religion, color or national origin, the sale, lease or occupancy of the property."

Plaintiffs further aver they and members of their class "have appealed to defendants to protect their right to purchase or lease homes and use other facilities in the * * * area *after its redevelopment,* but defendants have failed and refused to do so." (Emphasis added.)

The project has proceeded only to the point that a contract has been entered into between the defendants and the Urban Renewal Administration, the city has approved the plan and agreed to furnish certain financial assistance, and the negotiation and condemnation proceedings in the state courts have been commenced.

Upon this set of facts the plaintiffs—alleging threat of immediate and irreparable injury to their federal statutory and constitutional rights—pray that this Court will:

(1) Decree and adjudge the legal relations and rights of the parties.

(2) Permanently enjoin these defendants from:

    (a) continuing their policy of racial segregation in public housing,

    (b) failing to provide other housing as required by Title 42 U.S.C.A. § 1455(c),

    (c) failing to incorporate in their contracts with the private re-developers a requirement to lease or sell without discrimination because of color, and requiring the park, school, and other facilities be made available to all eligible without color discrimination, and

    (d) refusing plaintiffs and the members of their class the

right to use all the facilities in the project area.

The defendants assign twenty-six grounds as reasons why the complaint should be dismissed. The grounds assigned by defendants may be classed in four general groups:

(1) Lack of jurisdiction in this Court.

(2) No present justiciable controversy exists; i. e., prematurity of claim.

(3) Failure to state a claim.

(4) Absence of certain indispensable parties.

█ It is well settled that a court, in considering such a motion to dismiss, must take and consider all of the facts stated in the complaint as being true. Porter v. Karavas, 10 Cir., 157 F.2d 984; Landreth v. Wabash Railroad Company, 7 Cir., 153 F.2d 98, certiorari denied 328 U.S. 855, 66 S.Ct. 1345, 90 L.Ed. 1627.

It is equally well settled, as stated by the Fifth Circuit, speaking through its chief judge, in McGuire v. Todd, 1952, 198 F.2d 60, 63, that:

"[W]e disregard, as mere conclusions, the loose and general, the factually unsupported, characterizations of the complained of acts of the defendants, as malicious, conspiratorial, and done for the purpose of depriving plaintiffs of their constitutional rights; that the things defendants are alleged to have done, as distinguished from the conclusions of the pleaders with respect to them, do not constitute a deprivation of the civil rights of plaintiffs, do not give rise to the cause of action claimed; * * *".

█ Another way of putting it is that mere characterization in a complaint of conduct as unlawful does not meet the test of sufficiency. Dinwiddie v. Brown, 5 Cir., 230 F.2d 465.

█ The plaintiffs' complaint, viewed and analyzed with these well-founded principles in mind, fails to meet the test. Such a study reveals the complaint to be insufficient insofar as stating a cause of action and alleging a presently

existing and genuine justiciable controversy.

There are no facts or circumstances averred, or even inferred, to justify plaintiffs' conclusion as to a "tacit understanding" between these defendants and others to discriminate against them because of their color. There are no facts or circumstances averred to justify plaintiffs' conclusion as to a "scheme or design" on the part of the defendants to use the urban redevelopment program to discriminate against these plaintiffs, and others similarly situated, because of their color.

The allegations regarding the "policy, custom and usage" by defendants concerning the Western Heights Project and the Chattahoochee Court Project are mere surplusage, since there is no allegation anywhere in the complaint that any of the plaintiffs or any other eligible Negroes have been refused admission to the Western Heights Project because of their color. Indeed, it does not even appear that they are eligible, and if we were to assume that they were, nothing concerning such an application is averred. Such an application would be necessary. See the recent case of Cohen v. Public Housing Administration, 5 Cir., 257 F.2d 73.

In this complaint, before there is a genuine and presently existing justiciable controversy as required by the Declaratory Judgment Act, 28 U.S.C.A. §§ 2201, 2202, this Court must assume the redevelopment plan will be fully executed, the school board will acquire the land from the Housing Authority and construct thereon a public school, that qualified eligible Negroes will seek admission and that the school board will deny such applications solely on account of the fact they are Negroes; that land for a public park will be acquired and a public park developed thereon, that Negroes will desire to use such park facilities and will be denied that use solely because they are Negroes; that these plaintiffs and/or others similarly situated will in good faith apply for public housing and if eligible will be discriminated against solely because of their color; and that the redevelopers will violate the binding covenants. This Court declines to declare or enjoin upon such future contingencies. Needless to say further, the complaint does not aver facts to sustain the bare conclusion that plaintiffs are threatened with irreparable damage and injury.

As has often been stated, it must be presumed that public officials, such as these defendants, will observe in good faith the Constitution and laws. See Davis v. Arn, 5 Cir., 199 F.2d 424; also Shuttlesworth v. Birmingham Board of Education of Jefferson County, Alabama, D.C.N.D.Ala., 162 F.Supp. 372.

Thus, this Court must now assume that these defendants, their agents and successors in office, after receiving the federal assistance in this public project, will, upon a completion of this project (or any phase of it), recognize the law that is now so clear; this law being to the effect that there can be no governmentally enforced segregation solely because of race or color. For the application of this rule to public housing see: Buchanan v. Warley, 245 U.S. 60, 38 S.Ct. 16, 62 L.Ed. 149; Detroit Housing Comm. v. Lewis, 6 Cir., 226 F.2d 180; Heyward v. Public Housing Administration, D.C., 135 F.Supp. 217, reversed in part by the Fifth Circuit and reported in 238 F.2d 689. For the application of this principle to schools see: Brown v. Board of Education, 1954, 347 U.S. 483, 74 S. Ct. 686, 98 L.Ed. 873, and Brown v. Board of Education, 1955, 349 U.S. 294, 75 S.Ct. 753, 99 L.Ed. 1083; also Avery v. Wichita Falls Independent School District, 5 Cir., 1957, 241 F.2d 230; Gibson v. Board of Public Instruction of Dade County, 5 Cir., 1957, 246 F.2d 913; Borders v. Rippy, 5 Cir., 1957, 247 F.2d 268, and Rippy v. Borders, 5 Cir., 1957, 250 F.2d 690. For the application of this principle to public recreational facilities see: City of St. Petersburg v. Alsup, 5 Cir., 1956, 238 F.2d 830; Muir v. Louisville Park Theatrical Association, 347 U. S. 971, 74 S.Ct. 783, 98 L.Ed. 1112; Ward v. City of Miami, D.C.Fla., 151

F.Supp. 593, affirmed 5 Cir., 1958, 252 F.2d 787.

If these defendants, their agents or successors, as public officers and with federal financial assistance complete this project or any phase of it, they do so with the certain knowledge that there must be a full and good faith compliance with this existing law.

Because the question now presented must be decided in accordance with the above, this Court sees no necessity for discussing the point raised by defendants' motion as to whether there has been a failure by plaintiffs to join indispensable parties.

In accordance with the foregoing, a formal order will be entered granting defendants' motion to dismiss.