**FRED JOHNSON CEMENT BLOCK CO.,** a Minnesota corporation, Plaintiff,

v.

**WAYLITE COMPANY,** an Illinois corporation, and Zenith Concrete Products Company, a Minnesota corporation, Defendants.

No. 5–59 Civ. 36.

United States District Court
D. Minnesota,
Fifth Division.
June 22, 1960.

856

Alton J. Olson and Lewis, Hammer, Heaney, Weyl & Halverson, by Gene Halverson, Duluth, Minn., for plaintiff.

1. See same title in D.C., 182 F.Supp. 914 for statement and issues of the instant case.

2. Waylite, referring to briefs and arguments supporting defendants' motions for dismissal and summary judgment which

Nye, Montague, Sullivan & McMillan by James G. Nye, Duluth, Minn., for defendant Waylite Co.

Johnson, Bruess & Davis, by Daniel A. Davis, Duluth, Minn., and Robins, Davis & Lyons by S. Robins, St. Paul, Minn., for defendant Zenith Concrete Products Co.

DENNIS F. DONOVAN, District Judge.

This matter is before the Court by virtue of plaintiff's motions as follows:

1. To add parties defendant with leave to serve complaint upon them;

2. For a temporary injunction pending final determination on the merits of the action.

The present hearing commenced at 10:00 a. m. June 2, 1960, in Federal Court Room 1 at Duluth, Minnesota. Plaintiff called 12 witnesses. Testimony and arguments were concluded on June 8, 1960.

The substance of the testimony in plaintiff's behalf had to do with the effect on small business of the type represented by plaintiff, brought about by the agreement entered into by the defendants The Waylite Company (hereinafter called Waylite) and Zenith Concrete Products Company (hereinafter called Zenith). In the interest of brevity, repetition of what has already been said by the Court will be avoided.[1] Applicable law on the merits was thoroughly briefed on motions disposed of by Memorandum Order of April 18, 1960, and orally argued with reference to the two motions now pending for determination.[2]

The evidence and testimony given by plaintiff emphasizes the hardship experienced by plaintiff in meeting competition in the area involved herein through the refusal of Waylite to sell lightweight slag aggregate to plaintiff while selling

were denied, as cited in footnote 1, again emphasizes United States v. E. I. du Pont de Nemours & Co., 351 U.S. 377, 76 S.Ct. 994, 100 L.Ed. 1264. See also Tampa Electric Co. v. Nashville Coal Co. et al., 6 Cir., 276 F.2d 766, 771.

the same exclusively to Zenith pursuant to contract.

Plaintiff contends that as a result of defendants' mutual agreement, making Zenith the sole supplier of lightweight concrete building blocks made from the slag aggregate in said trading area, plaintiff has been irreparably damaged.

Defendants contend the agreement in question is not per se a violation of law and hence at this stage of the proceeding a temporary injunction is not warranted. That to grant it would in effect be a prejudging of the case, which at best is questionable on the showing made in the instant matter.

In this civil suit the affidavits supporting the motion for a temporary injunction, like the allegations of the amended complaint, are obviously directed at alleged violations of Sections 1 and 2 of the Sherman Anti-Trust Act [3] and Section 4 of the Clayton Act.[4] The substance of plaintiff's complaint is to the effect that defendants, by their agreement in writing and subsequent conduct, lessened competition and such action amounted to a "thorn in the side" [5] of plaintiff.

Defendants' showing by opposing affidavits and cross examination of plaintiff's witnesses tends to attribute plaintiff's difficulties to a business recession during 1958, 1959 and 1960, despite the immense tonnage moving in and out of Duluth by virtue of the impetus of the accomplished St. Lawrence waterway project.[6]

What determines and characterizes a competitive market in the instant case?

Is Waylite's product so superior to other types available to plaintiff as to put its suggested substitutes outside the pale of market alternative?

■ It has been said by a most respectable authority [7] that "In considering what is the relevant market for determining the control of price and competition, no more definite rule can be declared than that commodities reasonably interchangeable by consumers for the same purposes make up that 'part of the trade or commerce,' monopolization of which may be illegal. * * * Industrial activities cannot be confined to trim categories. Illegal monopolies under § 2 [of the Sherman Act] may well exist over limited products in narrow fields where competition is eliminated."

■ What is the situation disclosed by file and testimony, determinative of the motion for a temporary injunction? Initiation of the suit was delayed for months and finally commenced in August, 1959. Two General Terms of Court have since passed by reason of motions preliminary to trial. Trial on the merits must now await the December, 1960, term of this Court. The few intervening months will not substantially change the situation of the parties.

■ The addition of two defendants sought by plaintiff adds security to the principal action in the event of recovery by plaintiff following trial on the merits. Granting plaintiff's motion to make Zenith Dredge Company, a Minnesota corporation, and Donald C. McDonald additional parties defendant will in no manner affect the jurisdiction of the Court;[8] hence that motion is granted and So Ordered.

3. 15 U.S.C.A. §§ 1 and 2.

4. 15 U.S.C.A. § 15.

5. Maryland and Virginia Milk Producers Ass'n, Inc. v. United States, 362 U.S. 458, 470, 80 S.Ct. 847, 855, 4 L.Ed. 2d 880.

6. See United States v. Northern Pac. Ry. Co., D.C., 180 F.Supp. 828, 830, footnote 3.

7. Justice Reed in United States v. E. I. du Pont de Nemours & Co., supra, 351 U.S. at page 395, 76 S.Ct. at page 1007.

8. This Court having jurisdiction by virtue of § 1337 of 28 U.S.C.A. and § 15 of 15 U.S.C.A. See also, Heyward et al. v. P.H.A. et al., 94 U.S.App.D.C. 5, 214 F.2d 222; Welder v. Washington Temperance Ass'n, D.C.Minn., 16 F.R.D. 18, 19; Mattson et al. v. Cuyuna Ore Co., D.C.Minn., 24 F.R.D. 363.

The file in the instant case does not indicate loss and inconvenience to be so considerable as to be irreparable; hence plaintiff's motion for a temporary injunction is denied.[9]

It is so ordered.

Sylvester & Harris, New York City, for petitioner, by Henry L. Wolff, New York City, of counsel.

Chester A. Lessler, New York City, for debtor.

9. The granting of a preliminary injunction is a discretionary matter, and here the file and testimony do not convince of irreparable injury or destruction of the status quo. See Benson Hotel Corp. v. Woods, 8 Cir., 168 F.2d 694.