JAMES BROWN, PLAINTIFF IN ERROR v. RICHARD R. KEENE.

The case was argued on the question of jurisdiction, and on the merits, by Mr Clay, for the plaintiff in error ; and by Mr Brent, for the defendant.

114

Mr Brent, in reply,

Mr Chief Justice MARSHALL delivered the opinion of the Court.

This appeal is from a decree of the court of the United States for the district of Louisiana. The first error assigned in the proceedings is, that the petition, which, in the practice of Louisiana, is substituted for a declaration, does not show, with sufficient certainty, that the parties were within the jurisdiction of the court. If this objection be well founded, it is undoubtedly fatal.

The petition avers, that the plaintiff, Richard Raynal Keene, is a citizen of the state of Maryland; and that James Brown, the defendant, is a citizen or resident of the state of Louisiana, holding his fixed and permanent domicil in the parish of St Charles. The petition, then, does not aver positively, that the defendant is a citizen of the state of Louisiana, but in the alternative, that he is a citizen or a resident. Consistently with this averment, he may be either.

The additional words of description, "holding his fixed and permanent domicil in the parish of St Charles," do not aid this defective description. A citizen of the United States may become a citizen of that state in which he has a fixed and permanent domicil; but the petition does not aver that the plaintiff is a citizen of the United States. The question is, whether the jurisdiction of the court is sufficiently shown by these averments.

The constitution extends the judicial power to " controversies between citizens of different states;" and the judicial act gives jurisdiction, "in suits between a citizen of the state where the suit is brought, and a citizen of another state."

The decisions of this court require, that the averment of jurisdiction shall be positive, that the declaration shall state expressly the fact on which jurisdiction depends. It is not sufficient that jurisdiction may be inferred argumentatively from its averments.

In Bingham v. Cabot et al., 3 Dall. 382, 1 Cond. Rep. 170, the court held clearly, that it was necessary to set forth the citizenship (or alienage, when a foreigner was concerned) of the respective parties, in order to bring the case within the jurisdiction of the court, and that the record was, in that respect, defective.

In Abercrombie v. Dupuis and another, 1 Cranch 343, the plaintiffs below aver, "that they do severally reside without

the limits of the district of Georgia, to wit, in the state of Kentucky." The defendant is called "Charles Abercrombie, of the district of Georgia, aforesaid." The judgment in favour of the plaintiff below was reversed on the authority of the case of Bingham v. Cabot.

In Wood v. Wagnon, 2 Cranch 9, the judgment in favour of the plaintiff below was reversed, because his petition did not show the jurisdiction of the court. It stated the plaintiff to be a citizen of the state of Pennsylvania, and James Wood, the defendant, to be "of Georgia, aforesaid."

Capron v. Vanorden, 2 Cranch 126, was reversed, because the declaration did not state the citizenship or alienage of the plaintiff in the circuit court.

The same principle has been constantly recognized in this court.

The answer of James Brown asserts, that both plaintiff and defendant are citizens of the state of Louisiana.

Without indicating any opinion on the question, whether any admission in the plea can cure an insufficient allegation of jurisdiction in the declaration, we are all of opinion that this answer does not cure the defect of the petition. If the averment of the answer may be looked into, the whole averment must be taken together. It is, that both plaintiff and defendant are citizens of Louisiana.

The decree of the court for the district of Louisiana is to be reversed, that court not having jurisdiction; and the appeal to be dismissed.

The cross appeal, Keene v. Brown, is to be dismissed, the court having no jurisdiction.

This cause came on to be heard on the transcript of the record from the district court of the United States, for the eastern district of Louisiana, and was argued by counsel; on consideration whereof, it is the opinion of this court, that the said district court could not entertain jurisdiction of this cause, and that, consequently, this court has not jurisdiction in this cause, but for the purpose of reversing the judgment of the said district court entertaining said jurisdiction: whereupon, it is ordered and adjudged by this court, that the judgment of

the said district court be, and the same is hereby reversed, and that this writ of error be, and the same is hereby dismissed, for the want of jurisdiction. All of which is hereby ordered to be certified to the said district court, under the seal of this court.