BLANCHE V. BENTON, *pro ami.*, vs. JAMES HILL MFG. COMPANY.

PROVIDENCE—MAY 31, 1904.

PRESENT: Tillinghast, Douglas, and Blodgett, JJ.

(1) *Negligence. Master and Servant. Pleading. Trespass and Case.*

Declaration alleged that while plaintiff, a minor, was standing on the sidewalk and looking in at an open window of defendant's manufactory, annoying defendant's servants, one of said servants committed a violent assault upon plaintiff by throwing a sharp piece of iron at her, thereby

injuring her. On demurrer that the declaration sounded in trespass and not in case, as set out therein:—

*Held*, that the declaration did not show either that the assault was committed by authority from the master, or that it was within the scope of the servant's employment.

*Held*, further, that the only relation which the plaintiff occupied to the defendant, if any, was that of a trespasser.

*Held*, further, that, as the servant was not in charge of defendant's manufactory nor had any duty or authority in the premises, no legal duty owed the plaintiff from the defendant appeared.

*Held*, further, that the declaration simply showed a willful trespass committed by the servant, for which he alone was liable. ·

Affirming *Sekator* v. *Lannon*, 26 R. I., 125.

Distinguishing *Mossessian* v. *Callender*, 24 R. I. 168; *Staples* v. *Schmid*, 18 R. I. 224; and *Bucci* v. *Waterman*, 25 R. I. 125.

TRESPASS ON THE CASE for negligence. Heard on demurrer to declaration, and demurrer sustained.

TILLINGHAST, J. The declaration in this case sets out, in effect, that a violent assault was committed upon the plaintiff, by one of the defendant's servants, by throwing a sharp piece of iron at her while she was standing on the sidewalk and looking in at an open window of defendant's manufactory, which missile struck her in the eye and seriously injured her.

It is also alleged, in substance, that at the time when said missile was thrown, and as the occasion for throwing the same, the plaintiff, with other small children, was annoying the defendant's servants by standing at said window and attracting their attention.

The action is trespass on the case for negligence, and it is before us on demurrer to the declaration, based on various grounds, amongst which is the ground that the declaration sounds in trespass and not in trespass on the case as set out therein.

(1)    We think the demurrer should be sustained. The declaration does not show either that the assault was committed by authority from the master—the defendant in this case—or that it was an act within the scope of the servant's employment. And in the recent case of *Sekator* v. *Lannon*, 26 R. I. 125, it was held that these facts must appear in order to hold the master liable.

The plaintiff's counsel contends that the case is within the rule laid down in *Mossessian* v. *Callender, McAuslan & Troup Co.*, 24 R. I. 168, but we can not agree with this contention. That case was materially different from the one before us. There the plaintiff was rightfully in the store of the defendant, by an implied invitation, for the purpose of transacting business; and the thing complained of was that the plaintiff was injured in consequence of the defendant's failure to provide careful, competent, and prudent servants and agents in the management of its business. And it was held that, in view of the relationship thus created and the duty incident thereto, the action should have been case instead of trespass. In the case at bar there is no allegation that the defendant has committed any breach of duty by failing to provide careful, competent, and prudent servants and agents, but simply that it became the duty of the defendant, in the circumstances stated, to use no more force than was necessary in attempting to eject the plaintiff from the sidewalk in front of its premises. It must be assumed therefore, as argued by defendant's counsel, that its servants and agents were competent, careful, and prudent men; and hence the case is not governed by the one relied on.

But, even assuming that the declaration might be amended in the particular referred to, still we are of opinion that it would not state a case against the defendant, and for the reason that the defendant owed no duty to the plaintiff in the premises, and hence, as to her, it was not called upon to provide competent and careful servants. The only relation in which the plaintiff stood to the defendant corporation at the time of receiving the injury complained of, if indeed she occupied any relation to it, was that of a trespasser. The defendant had not held out any invitation to her to come upon its premises, or to stop in front of its windows; and hence it occupied a very different relation towards her from that which a storekeeper occupies towards a person who is lawfully in his store for the transaction of business. In such a case a well-recognized duty devolves upon the storekeeper in favor of the person patronizing him, namely, a duty to furnish a reasonably safe

place in which to transact the business which he is impliedly invited to transact, and competent and prudent servants to aid him therein.

If it is true, then, as we think it is, that the defendant owed the plaintiff no legal duty in the premises, she has no cause of action against it; for, as said by Rogers, J., in *Paolino v. McKendall*, 24 R. I. p. 435: "The basis of a cause of action for injury to a person, by reason of negligence or want of due care, is the breach of some duty or the non-observance of some obligation that the defendant is under to the plaintiff. As said by the N. J. Court of Errors and Appeals in *D. L. & W. R. R. Co.* v. *Reich*, 61 N. J. L. 635, 'there can not be such a thing as the negligent performance of a non-existent duty.' The very first step in attempting to fasten a liability upon a defendant is to show a duty he is under, either by commission or omission, to the plaintiff. Having done that, the next step is to show the breach or neglect of such duty."

*Bucci* v. *Waterman*, 25 R. I. 125, also relied on by plaintiff's counsel, is clearly distinguishable from the case at bar. It is true the boy who was injured in that case was a trespasser in getting upon the defendant's low-gear and attempting to steal a ride, but, being there, and the defendant's servant having the sole charge and control of the team, we held that it became the duty of the driver to use reasonable care in ejecting him therefrom, so as to avoid personal injury. The principles upon which the defendant's liability rested in that case were similar to those which control in cases of persons wrongfully riding upon cars propelled by steam or other power, and who are injured by being forcibly ejected therefrom while the car is in motion, as shown by the authorities cited and commented on by Douglas, J., in delivering the opinion of the court.

In the case at bar, the servant who threw the missile was not, so far as appears, in charge of the defendant's manufactory or any part thereof, nor does it appear that he had any authority or duty whatsoever in the premises. The case of *Staples* v. *Schmid*, 18 R. I. 224, which is specially relied on by plaintiff's counsel, is therefore not in point.

If the servant who committed the assault had been a watch-

man or other person whose duty it was to take care of defendant's property, and incidentally to eject trespassers therefrom, the case would be very different and might fall within the rule governing the Schmid case. But as the declaration now stands it simply shows a willful trespass, committed by a person in the defendant's employ, for which he, and he alone, is liable.

Demurrer sustained, and case remanded for further proceedings.

*Arthur M. Allen*, for plaintiff.

*Clarence A. Aldrich and Benjamin W. Grim*, for defendant.