IRVING v. SMITH et al.

(Circuit Court, D. Oregon.  August 4, 1904.)

No. 2,848.

1. REMOVAL OF CAUSES—NONRESIDENCE OF DEFENDANT—SUFFICIENCY OF AL-
LEGATION.

An allegation in a petition for removal that defendant is a citizen of a
state other than that in which the suit is pending is not equivalent to an
allegation that he is a "nonresident of that state" and does not show his
right to a removal.

On Motion to Remand to State Court.

U. S. G. Marquam, for plaintiff.

J. H. Middleton, for defendant I. H. Imus.

BELLINGER, District Judge.  This is a suit begun in the state
court against the defendant O. M. Smith and P. H. Marlay.  After
the suit was commenced the defendant I. H. Imus succeeded to
the rights and interest of Marlay in the subject of the controversy.
The cause was removed to this court upon the petition of Imus,
from which it appeared that Marlay was at the time the suit was
begun, and still is, a citizen of Nebraska; that the petitioner, Imus,
is a citizen of the state of Washington, and a nonresident of Ore-
gon, and that the controversy is a separable one as to the peti-
tioner.  The plaintiff, who is a citizen of Oregon, now moves to
remand the cause upon the ground that, notwithstanding the aver-
ment in the petition for removal of Marlay's citizenship, it does
not appear that he was and is a nonresident of Oregon.  Section
2 of the act of 1887 (Act March 3, 1887, c. 373, 24 Stat. 552 [U. S.
Comp. St. 1901, p. 509]), as amended by the act of 1888 (Act Aug. 13,
1888, c. 866, § 1, 25 Stat. 433 [U. S. Comp. St. 1901, p. 509]), after
providing for the removal of any suits arising under the Constitu-
tion or laws of the United States or treaties made under their au-
thority, etc., provides that "any other suit of a civil nature at law or in
equity, of which the Circuit Courts of the United States are given
jurisdiction by the preceding section,  *  *  *  may be removed
into the Circuit Court of the United States for the proper district
by the defendant or defendants therein being nonresidents of that
state."  The allegation that the defendant is a citizen of another
state is not the equivalent of an allegation of nonresidence here.
"Citizenship" and "residence" are not synonymous terms.  Parker
v. Overman, 18 How. 141, 15 L. Ed. 318.  A person may reside
in one state and be a citizen in another.  Evans v. Davenport, 4
McLean, 574, Fed. Cas. No. 4,558.  In Brown v. Keene, 8 Pet. 112,
8 L. Ed. 885, a case frequently cited and followed, it is held, Chief
Justice Marshall delivering the opinion, that an averment that the de-
fendant is a citizen or "resident of the state of Louisiana, holding his

¶ 1. Averments of citizenship to show jurisdiction of federal courts, see notes
to Shipp v. Williams, 10 C. C. A. 261.

See Removal of Causes, vol. 42, Cent. Dig. § 170.

fixed and permanent domicile in the parish of St. Charles," does not show that the defendant is a citizen of the state of Louisiana. Citizenship is not conclusive of residence. Black's Dillon on Removal of Causes, § 79.

The motion to remand is allowed.