Howry, J.,
dissenting :
Broad as the jurisdiction of the court is, the authority to proceed is wanting, because the bill does not provide for the payment either of a claim or for a grant, gift, or bounty. This requirement is the plain-language of the statute. The court can not legislate into the bill the thing necessary to the reference. When the court finds the facts and reports, Congress will not have the findings in such a case as the court has had a right to deal with, but the matter of jurisdiction may be overlooked, or Congress may intentionally ignore the power of the court in the premises and appropriate anyhow. This, the Congress can readily do; but when it does, such report as we make can not be the proper foundation for an appropriation.
Jurisdiction under the fourteenth section of the act of March 3, 1887 (24 Stats., 507), is the power conferred upon this court exclusively to hear and consider any bill pending in either House of Congress, except for a pension, providing for the payment of a claim against the United States, legal *268 or equitable, or for a grant, gift, or bounty to any person upon the reference of such bill by resolution where the same is pending; then to report to Congress, not the evidence pertaining to the matter, but the ultimate facts arising out of the competent evidence in the case. This report is to include the amount where the same can be liquidated. The court might possibly waive the direction to “ adjudicate ” the claim (although “ to adjudicate ” is to pronounce judgment, which under the fourteenth section of the Tucker Act we have no authority to do) and find and report the facts, because by inference we know what is desired and what was intended. This, though loose practice, may not be vital. But the bill referred .does not purport on its face to be a claim against the United States; it does not purport to provide for the payment of anything to the supposed beneficiary; it does not purport to appropriate by way of grant, gift, or bounty. Legislation not being the function of the court, there is no authority to consider a petition which has not had the sanction of one of the legislative bodies of Congress by a bill disclosing the amount claimed and providing for its payment.
Objections to jurisdiction are not technical when the court is compelled to supply material omissions. That is the situation here. Jurisdiction can not be inferred argumentatively or holpen out by evidence extrinsic to the record. (Brown v. Keene, 8 Peters, 112.)
In Bellah’s case (supra), jurisdiction was not taken under the resolution which brought the case here because no beneficiary was named. The unintentional mistake there which the court now suggests may have been an oversight was deemed sufficient reason under the law not to proceed. Plere, where the mistake is assumed by the court to be intended, it is held to be an immaterial mistake. The'oversight to me is as apparent in the one case as in the other.
The court does not undertake to prescribe for Congress in refusing jurisdiction a rule of pleading nor any particular form of language in bills referred to the court under the fourteenth section of the act of 1887. The Congress have prescribed the rule, which neither House can disregard without consulting the other and together changing the law.