CHARLES LABOSSIERE *vs.* ALFRED B. SOUSA.

JUNE 17, 1958.

PRESENT: Condon, C. J., Roberts, Andrews, Paolino and Powers, JJ.

PAOLINO, J. This action of trespass for assault and battery was heard in the superior court on the defendant's demurrer to the declaration. The demurrer was sustained and the plaintiff was given an opportunity to amend his declaration. However, he expressly waived his right to amend and the case is before us solely on his exception to the ruling sustaining the demurrer.

The pertinent allegations of the declaration are in substance that plaintiff was a customer and business invitee in a cafe owned and operated by defendant in the city of Woonsocket; that Loretta Santos was employed by defendant to wait upon the customers and to take orders and deliver drinks to them; that in the performance of her duty as a waitress and hostess she was required to go among the customers; that at the time of the alleged assault and battery she was employed by defendant and was acting for

him within the scope of her employment as a waitress and hostess; and that while mingling with the customers inducing them to buy drinks in the course of said business as a waitress and hostess in the performance of her duties, she violently shoved and pushed plaintiff causing him to fall and break his hip.

The defendant demurred on the following grounds: (1) said declaration fails to state a cause of action; (2) the declaration does not show how or why the acts of Loretta Santos were in or within the scope of her employment; and (3) the declaration does not show any intention on the part of defendant or the said Loretta Santos to commit assault and battery.

The trial justice sustained the demurrer on the first and second grounds. He held in substance that plaintiff's allegations that Loretta Santos was acting within the scope of her duties as a waitress and hostess were conclusions of law, but that no facts had been stated supporting such conclusions; that shoving and pushing a customer are not acts which suggest that the employee was acting within the scope of her employment or from which the inference may be drawn that she was so acting; and that shoving and pushing are not such acts, when committed by a waitress and hostess, from which it can be inferred that they were committed with the implied consent of the employer.

In our opinion the trial justice did not err in sustaining the demurrer. As was said in *Bryce* v. *Jackson Diners Corp.*, 80 R. I. 327, at page 330: "The law is generally established that in the absence of statute an employer is not responsible for a willful assault by an employee unless it is committed while performing a duty in the course of his employment and by express or implied authority from the employer. However, in a proper case the law apparently may imply the authority to the servant so as to hold the master even though the act is one specifically forbidden by the master or is in violation of law."

In the same case the court stated at page 332: "There is no difficulty in applying the rule where the nature of the duty is such that its performance would reasonably put the employer on notice that some force probably may have to be used in executing it. In that event, the law implies the authority and holds the master responsible under the doctrine of *respondeat superior,* as, for example, in the case of *Rice* v. *Harrington,* 38 R. I. 47. On the other hand, it is understandable why the authority should not be implied where the injury is inflicted by a servant while performing an act that is not reasonably within the scope of his employment or authority, express or implied, as in cases like *Benton* v. *James Hill Mfg. Co., supra* [26 R. I. 192], and *Haining* v. *Turner Centre System, supra* [50 R. I. 481]."

The declaration in the instant case does not show that the assault was committed by authority, express or implied, from defendant. Neither does the declaration allege any facts which, if proved, would support the conclusion that the alleged assault and battery was an act within the scope of Loretta Santos' employment. See *Benton* v. *James Hill Mfg. Co.,* 26 R. I. 192. Moreover the declaration contains no allegation that the assault took place at the time of and as an incident to the performance of an act or duty for which she was hired. *Bryce* v. *Jackson Diners Corp., supra,* at page 333.

It is clear that the nature of the duties of a waitress and hostess are not such that an employer might reasonably be put on notice that some force probably might have to be used in carrying out such duties. In the instant case the declaration as it now stands simply shows a willful trespass committed by Loretta Santos for which she alone is liable. Therefore the decision of the trial justice sustaining the demurrer was without error.

The plaintiff's exception is overruled, and the case is remitted to the superior court for further proceedings.

*Fred Israel, Richard J. Israel,* for plaintiff.

*Dominique S. Pavou,* for defendant.