**Helen McLanahan STEVENS, Plaintiff, Appellant,**

v.

**Chauncey C. LOOMIS et al., Defendants, Appellees.**

**No. 6268.**

United States Court of Appeals
First Circuit.

June 23, 1964.

James D. St. Clair, Boston, Mass., with whom Robert E. Fast, Boston, Mass., was on brief, for appellant.

Wilmot R. Hastings and Robert J. Hallisey, Boston, Mass., with whom Bingham, Dana & Gould, Boston, Mass., was on brief, for appellees.

Before WOODBURY, Chief Judge, and HARTIGAN and ALDRICH, Circuit Judges.

ALDRICH, Circuit Judge.

This is an appeal from the dismissal of a diversity action, brought in the district court for the district of Massachusetts, for the want of what the district court determined to be an indispensable party plaintiff. The theory or theories of recovery, and some of the facts are less than clear. This much appears. The sole plaintiff is a citizen of New York. She and her sister Elizabeth are the present income beneficiaries of a residuary trust under the will of their mother, Ella. Elizabeth and her husband, the defendant Loomis, are citizens of Massachusetts. Loomis and the co-defendant Agricultural National Bank, also to be treated as a citizen of Massachusetts, were the executors, now discharged, of Ella's estate, probated in Pennsylvania, and are presently the trustees of the trust. It does not appear whether there may be any future income beneficiaries, or who are the remaindermen,[1] nor is their absence explained, but it is alleged that Elizabeth "has refused and will continue to refuse" to join in the action.

The grounds of the complaint seem to be two. Basically it is alleged that Loomis, while in a fiduciary relationship to Ella during her lifetime, defrauded her of certain shares of stock by purchasing them for himself at far less than their true value, and that at some undetermined time the bank learned of the fraud, but "has refused and continues to refuse to take any action * * * [against Loomis] to secure for the benefit of Ella's estate and trust" the proceeds realized by him. The relief prayed for is that Loomis' profits be determined and that he "be ordered to account to Ella's estate and/or the Plaintiff"; and that the bank, for "breach of its fiduciary duty to perform and dispatch its duty as co-executor and trustee * * * [be ordered] to pay to Ella's estate and/or the Plaintiff the amount of such damages." There was also a prayer for general relief.

The district court, understandably, ruled that the plaintiff was not entitled to have Loomis' profits paid to herself,[2] or to have directly any of the relief specifically sought. Her interest or damage as a result of the defrauding of Ella can only be, on this record, as a present and future income beneficiary of the trust, the principal of which would have been larger but for Loomis' alleged misconduct. Fundamentally the claim must be that Loomis committed tortious acts, as executor and trustee, by not causing the estate or trust to sue him in one capacity or another. The bank is arguably liable for similar inaction, depending, however, upon further facts not adequately set forth, but which for present purposes, we will assume.

On such a basis the court concluded that the plaintiff, "acting alone, has a direct, separable right of action" under

1. It is not alleged that there are no remaindermen. We cannot believe, particularly in the absence of such allegation, that a testamentary trust would have none. Defendants stated, both in the court below and in this court, that there were remaindermen, and plaintiff maintained silence. We are engaged in a lawsuit, not in a poker game, and if plaintiff chooses not to recite the facts about the other beneficiaries under these circumstances particularly where she was obligated to do so by F.R.Civ.P. 19(c), we will assume that there are other beneficiaries who, if joined, would destroy diversity.

2. Plaintiff might, as income beneficiary, have a separable claim to the additional income she would have received to date had the estate been larger. She does not, however, request such fragmentary relief, nor would we, except in unusual circumstances not shown here, be inclined to proceed on that limited basis.

Massachusetts law.[3] However, it held that the federal rules for joinder of parties control, and that by accepted federal practice Elizabeth was an indispensable party under F.R.Civ.P. 19(a). From this it followed that the complaint must be dismissed because the joinder of Elizabeth as a party plaintiff would destroy diversity. The court indicated that if Elizabeth should be joined as a defendant and not realigned because of her apparent siding with her husband, no such excuse and principle were applicable to absent remaindermen.

There are, broadly, under the rule, and prior thereto, three classifications of parties; indispensable, necessary (sometimes called conditionally necessary) and formal. A court cannot proceed in the absence of an indispensable party, but will proceed in the absence of a merely formal party. Whether or not it should proceed in the absence of a necessary party is a matter of discretion. Because the classic definition of an indispensable party is one as to whom any judgment, if effective, would necessarily affect his interest, or would, if his interest is eliminated, constitute unreasonable, inequitable, or impractical relief, see cases *infra,* and the latter question is the same that must be asked when deciding whether to dismiss in the absence of a merely necessary party, where the court concludes not to proceed in the absence of some party there has been a natural tendency to label that party "indispensable" whether he was truly indispensable or only necessary.[4] Nevertheless there is a difference, as some courts, even while

ordering a dismissal, have been careful to point out. See, e. g., California v. Southern Pacific Co., 1895, 157 U.S. 229, 251, 15 S.Ct. 591, 39 L.Ed. 683; Heyward v. Public Housing Administration, 1954, 94 U.S.App.D.C. 5, 214 F.2d 222. Although it would not comport with at least the language of many cases,[5] we think that true indispensable parties are only those whose interests could not be excluded from the terms or consequences of the judgment and leave anything, or appreciably anything, for the judgment effectively to operate upon, as where the interests of the absent party are inextricably tied in to the cause, Thayer v. Life Ass'n of America, 1885, 112 U.S. 717, 5 S.Ct. 355, 28 L.Ed. 864; Terrell v. Allison, 1874, 21 Wall. 289, 22 L.Ed. 634; Barney v. City of Baltimore, 1867, 6 Wall. 280, 18 L.Ed. 825, or where the relief really is sought against the absent party alone, Kendig v. Dean, 1878, 97 U.S. 423, 24 L.Ed. 1061; see Note, Indispensable Parties in the Federal Courts, 65 Harv.L. Rev. 1050, 1056 (1952).[6] In other words, if there may be a viable judgment having separable affirmative consequences with respect to parties before the court, and the inquiry is concerned solely with the inequities, in the light of the total circumstances, resulting from the inability to affect absent interested parties, then such other parties should be defined as merely necessary, not indispensable. The distinction is, of course, important. If indispensability is determined solely by the nature of the claim, the courts will have broader discretion to find that a particular plaintiff may proceed in the

3. Not, however, the limited right referred to in the preceding footnote.

4. We note, with great deference to the learned reporter to the Advisory Committee on the Civil Rules, see fn. 7, infra, that even he cites, without comment, cases referring to indispensable parties when he is discussing only necessary parties. See subdivision (b) of the Committee Note to the proposed amendment of Rule 19, citing Roos v. Texas Co., 2 Cir., 1927, 23 F.2d 171, cert. den. 277 U.S. 587, 48 S.Ct. 434, 72 L.Ed. 1001; Niles-Bement-Pond

Co. v. Iron Moulders Union, 1920, 254 U.S. 77, 41 S.Ct. 39, 65 L.Ed. 145.

5. The extent to which these two terms are used almost interchangeably is illustrated by Commonwealth Trust Co. of Pittsburgh v. Smith, 1924, 266 U.S. 152, 159, 45 S.Ct. 26, 69 L.Ed. 219, where the court characterized what seem clearly indispensable parties as "necessary," without mention of the difference.

6. For a bibliography of secondary material, see the Committee Note to Rule 19 referred to in the next footnote.

absence of other parties. This we think is proper.[7]

 Applying that principle to the case at bar, and even, we would think, with a more restricted one, if the district court was right, as we are disposed to believe it was, in stating that the plaintiff, as beneficiary, had a direct, separable right of action, this made it incorrect to call the other beneficiaries indispensable.[8] On the basis that they were only necessary parties the court should have considered, as a matter of discretion, whether or not to proceed in their absence. However, on the present record we believe this a case where it would have been an abuse of discretion to proceed. Only incomplete and unsatisfactory relief could be afforded in a suit, the purpose of which was to charge the trustees to augment the corpus of the trust, in which but one income beneficiary was represented.[9] Plaintiff argues that if she were to lose on the merits the situation would remain in statu quo, and no one would be hurt. But one must wonder what would happen if thereafter another beneficiary were to sue and have the trust corpus increased. Conversely, suppose this plaintiff were to win, and then some other beneficiary were to lose.

It is true that the effect of the dismissal of the action is to deny this plaintiff the benefits of diversity jurisdiction, and that it has sometimes been said that federal courts "will strain hard" to support diversity jurisdiction in the application of Rule 19. See Standard Oil Co. of Texas v. Marshall, 5 Cir., 1959, 265 F.2d

46, 56, cert. den. 361 U.S. 915, 80 S.Ct. 259, 4 L.Ed.2d 185; Brown v. Christman, 1942, 75 U.S.App.D.C. 203, 126 F.2d 625, 631–32 n. 23. However, we are shown nothing in the case at bar to make us believe that this factor, if important, is as important as relegating the parties to a jurisdiction, the existence of which has not been denied, where full workable and reasonable relief may be granted. This has been the customary result in similar situations, whether the absent beneficiaries were termed indispensable or otherwise. Baird v. Peoples Bank & Trust Co., 3 Cir., 1941, 120 F.2d 1001, 1003; Matthies v. Seymour Mfg. Co., 2 Cir., 1959, 270 F.2d 365; Young v. Powell, 5 Cir., 1950, 179 F.2d 147, cert. den. 339 U.S. 948, 70 S.Ct. 804, 94 L.Ed. 1362; Talbutt v Security Trust Co., D.C. E.D.Ky., 1938, 22 F.Supp. 241; see Rockefeller v. First National Bank of Brunswick, D.C.S.D.Ga., 1957, 154 F.Supp. 122. The actual decision, apart from certain language therein, in plaintiff's case of Green v. Green, 7 Cir., 1955, 218 F.2d 130, cert. den. 349 U.S. 917, 75 S.Ct. 606, 99 L.Ed. 1250, is not inconsistent. If an absent beneficiary is merely a necessary party, the fact that no complaint as to her absence was made for two years may be a reason for exercising discretion in favor of not dismissing. Plaintiff's other cases are distinguishable on the ground that the possibility of granting separate relief made proceeding without the absent parties equitable and reasonable. Waterman v. Canal-Louisiana Bank & Trust Co., 1909, 215 U.S. 33, 30 S.Ct. 10,

7. An extensive re-writing of Rule 19 is presently proposed to eliminate confusion which has arisen regarding various aspects of the rule and to clarify the grounds for exercising the court's discretion. The new rule omits all reference to indispensable parties, consistent with the view that what are indispensable parties is a matter of substance, not of procedure. See Preliminary Draft of Proposed Amendments to Rules of Civil Procedure for the United States District Courts proposed by the Advisory Committee on Civil Rules, March 1964, and the Committee's Note, published in Volume 227 F.Supp.

8. This would seem equally so under Massachusetts practice, as the Massachusetts rule with respect to joinder of parties is substantially like the federal. See Massachusetts Superior Court Rule 15, and particularly Judge Lummus' annotation to the 1932 edition thereof.

9. The district court properly ruled that it had not been shown that there were so many beneficiaries that the proceeding might be justified as a class suit under F.R.Civ.P. 23.

54 L.Ed. 80; Payne v. Hook, 1868, 7 Wall. 425, 19 L.Ed. 260; Atwood v. Rhode Island Hospital Trust Co., 1 Cir., 1921, 275 F. 513, cert. den. 257 U.S. 661, 42 S.Ct. 270, 66 L.Ed. 422; Seeley v. Cornell, 5 Cir., 1935, 74 F.2d 353.

Judgment will be entered affirming the judgment of the District Court.