Antonetta **CODAGNONE** and Louis Codagnone

v.

**Merilyn H. PERRIN, alias Jane Doe and Clifford Perrin, alias John Doe**

v.

**Norma E. CODAGNONE.**

**Civ. A. No. 4696.**

United States District Court,
D. Rhode Island.

Nov. 22, 1972.

William G. Gilroy, John F. McDonough, Providence, R. I., for plaintiffs.

William C. Dorgan, Providence, R. I., for defendants.

Leonard A. Kiernan, Jr., Providence, R. I., for third-party defendant.

## MEMORANDUM AND ORDER

PETTINE, Chief Judge.

A jurisdictional question is raised in this diversity action arising out of an automobile accident on February 26, 1971 in North Kingston, Rhode Island. Plaintiff Antonetta Codagnone was a passenger in a vehicle driven by her daughter, third-party defendant Norma Codagnone. This vehicle was struck by an automobile operated by Merilyn Perrin and owned by Clifford Perrin, defendants in this action.

The complaint alleges that plaintiffs are domiciliaries of Rhode Island and that defendants are citizens of Florida. Defendants deny that there is diversity jurisdiction, stating that at the time of the accident and at the time of the institution of the suit they were citizens of Rhode Island, residing at 100 Dahlia Drive, North Kingston, Rhode Island. Mr. Perrin is a Lieutenant in the U.S. Navy and is stationed aboard the U.S.S. Intrepid, based at Quonset Point, Rhode Island.

An evidentiary hearing was held on this matter on October 30, 1972. At that time counsel for plaintiff stated that he had just learned that Mrs. Perrin was a citizen of Australia. This is not disputed and there is evidence to that effect. Plaintiffs have filed a motion to amend their complaint to assert that Mrs. Perrin is a citizen of Australia and Mr. Perrin a resident of Ohio. The motion to amend is granted. Federal Rules of Civil Procedure 15.

 As to Mrs. Perrin, then, it is apparent that diversity jurisdiction exists under 28 U.S.C. § 1332(a)(2):

(a) The district courts shall have original jurisdiction of all civil action

where the matter in controversy . . is between—(2) citizens of a State, and foreign states or citizens or subjects thereof.

In as much as Mrs. Perrin is not a citizen of the United States and is a citizen of Australia, I find that jurisdiction exists as to her.[1]

As to Lt. Perrin, it must be determined whether he is a citizen of Rhode Island, and, if so, whether he is an indispensable party to this action. If Lt. Perrin is an indispensable party, then the entire action must be dismissed for lack of complete diversity under the rule of Strawbridge v. Curtiss, 3 Cranch 267, 2 L.Ed. 435 (U.S. 1806).

Plaintiff maintains that the evidence supports a finding that Lt. Perrin is a citizen of Ohio, the state from which he entered military service. Defendant Perrin maintains he is a citizen of Rhode Island.

 State citizenship for purposes of diversity jurisdiction, 28 U.S.C. § 1332, is dependent upon two elements: 1) United States citizenship; 2) domicile in the state. Brown v. Keene, 8 Pet. 112, 8 L.Ed. 885 (U.S. 1834). For diversity purposes, "citizenship" means "domicile" and mere residence in the state is not sufficient. Wolfe v. Hartford Life & Annuity Ins. Co., 148 U.S. 389, 13 S.Ct. 602, 37 L.Ed. 493 (1893). "Domicile" means the place where a person has a true, fixed and permanent home and principal establishment and to which he has the intention of returning whenever he has departed therefrom. Two elements are needed to change a domicile: 1) taking up residence at a new place; 2) intent to remain there. C. A. Wright, Federal Courts § 26, p. 86.

 "It is settled that federal jurisdiction, under the diversity clause, rests on the *domicile* of the parties *at the time of the commencement* of the action and not on the place where they may . . . live or dwell temporarily." Miller v. Lee, 241 F.Supp. 19 (D.S.C. 1965). In the case of a serviceman, there is a presumption that he retains the domicile which he had at the time of enlistment and the evidence to sustain a change of domicile to the place where he may be stationed must be "clear and unequivocal." Bowman v. DuBose, 267 F. Supp. 312 (D.S.C.1967). Ellis v. Southeast Construction Co., 158 F.Supp. 798 (D.Ark.1958).

 The plaintiff normally has the *burden of proving* diversity of citizenship. Ferrara v. Ibach, 285 F.Supp. 1017, 1019 (D.S.C.1968). However, I take it that since the evidence is that Mr. Perrin was domiciled in another state at the time of enlistment, the presumption that Mr. Perrin is a domiciliary of the original state, Ohio, will operate to shift the burden of going forward to Mr. Perrin. Mr. Perrin has met this burden.

In the highly transient society of the military, determinations of state citizenship are difficult and must turn on a complex of factors. Courts have attempted to isolate certain critical facts as bases for such determinations. Deriving principles of decision from precedent, I have attempted to isolate the critical facts of this case.

Lt. Perrin was born in Ohio, attended school and college in Ohio, and, in 1967, joined the Navy in Ohio. He was sent to Pensacola, Florida, for training, and received his "Wings" in October, 1968. After duties and training in various states, he was sent to Vietnam in March,

---

1. Traditional doctrine is that a married woman acquires the domicile of her husband. This Court cannot approve a doctrine derived from the common law notion that a husband and wife constitute but one legal entity, the husband. See Taylor v. Milam, 89 F.Supp. 880, 882 (D.Ark.

1950). Regardless, the doctrine has no application here: domicile is but one element of state citizenship for diversity purposes; United States citizenship is also required. Brown v. Keene, 8 Pet. 112, 8 L.Ed. 885 (1834).

1969. In March, 1970, he left Vietnam for Australia, where he was married. After further training, he was sent to Quonset Point Naval Air Station in Rhode Island in August, 1970.

The Perrins originally lived in a small apartment, but have purchased a home in North Kingston, taking out a mortgage from a Rhode Island bank. Cf. Bowman v. DuBose, supra. They own two automobiles, both registered in Rhode Island. One was registered in Rhode Island at the time of the filing of this action. The automobile involved in the accident was not registered in Rhode Island. Cf. *Bowman, supra.*

The Perrins have savings and checking accounts with Rhode Island banks, and belong to the Church at the Naval Air Station. See *Bowman, supra.* They own no property outside of Rhode Island. Cf. *Ellis, supra.*

Lt. Perrin votes by absentee ballot from Ohio. He says this is done as a matter of convenience and that he simply votes for candidates for national office. Some early military records list Ohio as Mr. Perrin's home, while more recent ones list Rhode Island as his home. See Turek v. Lane, 317 F.Supp. 349 (E.D.Pa.1970). Lt. Perrin pays taxes as a Rhode Island resident. See Ferrara v. Ibach, *supra.*

Mr. Perrin stated that he was unable to say where he intended to reside on termination of active military duty. He said he considered himself a professional military man, and could not predict

where he would retire years hence. Cf. Von Knorr Miles, 60 F.Supp. 962 (D. Mass.1945), modified on other grounds, 156 F.2d 287 (1st Cir. 1946).

■ The Perrins have one child, 17 months old, who was born in Rhode Island at the Quonset Point Hospital. Lt. Perrin stated he has no intention of returning to Ohio. In general, what must be considered is "not only the declaration and testimony of the persons involved, but also their actual military or naval status, the presence or absence of ties with the original or former domicile which would indicate its retention, and whether or not the person involved has formed such ties or connections with the new location as would indicate that he considers it to be his true home." *Ellis*, 158 F.Supp. 798, 802.

■ Though no obvious answer emerges from the evidence I find that Lt. Perrin abandoned domicile in Ohio and has no intent to return there, that he has established residence in Rhode Island and intended at the time of commencement of this suit and intends at present that Rhode Island be his home and domicile. For purposes of diversity jurisdiction, Lt. Perrin is a citizen of Rhode Island. Plaintiffs also being citizens of Rhode Island, the action as to Lt. Perrin must be dismissed.

■ Dismissal of the action as to Lt. Perrin does not, however, necessarily lead to dismissal of the action as to Mrs. Perrin, as urged by counsel for defendants.[2] A merely "formal" or a

2. Counsel for defendants somewhat ingeniously argues that plaintiff not having made a motion to dismiss Lt. Perrin, the jurisdiction of the Court must be determined from the pleadings. The pleadings having joined Mr. and Mrs. Perrin as defendants, counsel argues then it is clear that there is not complete diversity between all defendants and plaintiffs, and the action must be dismissed. To support this argument, counsel cites Oppenheim v. Sterling, 368 F.2d 516, 518 (10th Cir. 1966). *Oppenheim* is inapposite: there plaintiffs pleaded that both they and certain defendants were citizens of New York, yet at-

tempted to assert diversity jurisdiction. The intent of the pleader to present non-diverse parties was reaffirmed by the amendment to the complaint. The argument that these non-diverse defendants were not necessary was not raised, apparently, until appeal. Finally, another ground for jurisdiction had been asserted and the pleadings reflected a choice of theory of jurisdiction.

The rule counsel urges upon the Court would place an impossible burden on plaintiff in this case. Plaintiff has maintained throughout that Lt. Perrin was a citizen of some other state than Rhode

"necessary" party may be dropped in order to preserve diversity jurisdiction, but a jurisdictional defect may not be cured if the non-diverse party is an "indispensable" party. Stevens v. Loomis, 334 F.2d 775 (1st Cir. 1964); Robertson v. Limestone Mfg. Co., 20 F.R.D. 365 (D.S.C.1957); 3A J. Moore, Federal Practice Paragraph 19.19. Although this is a diversity case, the question of whether Lt. Perrin is an indispensable party is a matter of federal law. Provident Tradesmens Bank & Trust Co. v. Patterson, 390 U.S. 102, 125 n. 22, 88 S. Ct. 733, 19 L.Ed.2d 936 (1968).

While the question is governed by federal law, state law is instructive on the nature of the substantive interests involved. *Provident Tradesmens,* ibid. This is a simple tort action involving a car driven by Mrs. Perrin and owned by Lt. Perrin. Under R.I.G.L. § 31–33–6, the driver is deemed to be an agent of the owner of an automobile involved in an accident unless the driver posts proof of financial responsibility. It is likely that the statute is applicable here.[3] See Emond v. Fallon, 56 R.I. 419, 186 A. 15 (1936). Joinder of owner and driver as defendants is permitted by R. I.G.L. § 9–2–17. Generally, tortfeasors are not indispensable or necessary parties, 3A J. Moore, Federal Practice Paragraph 19.11, as counsel has argued. However, Lt. Perrin's liability is not as a tortfeasor but as a principal for a tortfeasor agent.

The classic test for determining whether a party is indispensable was established in Shields v. Barrows, 17 How. 130, 15 L.Ed. 158 (U.S. 1855), which said indispensable parties are

"Persons who not only have an interest in the controversy, but an interest of such a nature that a final decree cannot be made without either affecting that interest, or leaving the controversy in such a condition that its final termination may be wholly inconsistent with equity and good conscience."

Somewhat more specific standards for indispensability have been set forth in Rule 19(b), Fed.R.Civ.P.:

"If a person . . . . cannot be made a party, the court shall determine whether in equity and good conscience the action should proceed among the parties before it, or should be dismissed, the absent person being thus regarded as indispensable. The factors to be considered by the court include: first, to what extent a judgment rendered in the person's absence might be prejudicial to him or those already parties; second, the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided; third, whether a judgment rendered in the person's absence will be adequate; fourth, whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder."

---

Island. Until this Court made a ruling on Lt. Perrin's citizenship counsel for plaintiff could not have known diversity was lacking as to Lt. Perrin, and so, could not responsibly have moved to dismiss Lt. Perrin. I do not think that a plaintiff's counsel who asserts there is diversity should have to submit a motion to dismiss in order to protect his rights when that motion could only say, "If and only if this Court should find Lt. Perrin to be a non-diverse party, plaintiffs move to dismiss Lt. Perrin but do not now in any way waive their claim that he is a diverse

party." To the extent that *Oppenheim* supports the interpretation given it by defendants' counsel, this Court declines to follow it. See Kerr v. Compagnie De Ultramar, 250 F.2d 860, 863 (2d Cir. 1968). In any event, in their memorandum of law, plaintiffs suggest that if Lt. Perrin be found to be a non-diverse party, he should be dropped.

3. The Court takes judicial notice that the Rhode Island Registry of Motor Vehicles, Financial Responsibility Section, has no record of statements of financial responsibility for either Mr. or Mrs. Perrin.

**1132**

The First Circuit Court of Appeals in Stevens v. Loomis, *supra*, stated:

> "We think that true indispensable parties are only those whose interests could not be excluded from the terms and consequences of the judgment and leave anything, or appreciably anything, for the judgment effectively to operate upon, as where the interests of the absent party are inextricably tied in to the cause, or where relief really is sought against the absent party alone." 334 F.2d at 775 (citations omitted).

The *Stevens* court recognized, however, that there were instances where it would be an abuse of discretion for the trial court to proceed absent a necessary, but not indispensable, party. 334 F.2d at 778.

██ Applying these principles to the case at bar, I conclude that a judgment rendered in Lt. Perrin's absence would be prejudicial to his interests. A judgment in favor of plaintiff in this Court against Mrs. Perrin, could be used in State Court under R.I.G.L. § 31–33–6 to collect the amount of the judgment from Lt. Perrin. He would be barred from attacking the finding of Mrs. Perrin's liability under the doctrines of collateral estoppel, and could only defend as to the applicability of R.I.G.L. § 31–33–6 to him. I do not find any way in which a judgment could be shaped to avoid this prejudice to Lt. Perrin. It may well be that Mrs. Perrin will be unable to satisfy any judgment against her out of her own assets and that judgment against her would, in that sense, be inadequate. Finally, I note that Counsel for plaintiffs has represented that they have sued the Perrins in State Court on this accident, so I would find no prejudice to plaintiffs in dismissing this action.

For the above stated reasons I find that the action should be dismissed. The action should not proceed with Lt. Perrin; yet the presence of Lt. Perrin in the suit defeats diversity jurisdiction.