Mary DRAKE et al.

v.

STAR MARKET CO., INC.

No. 85-420-Appeal.

Supreme Court of Rhode Island.

June 5, 1987.

---

William C. Clifton, Clifton & Clifton, Providence, for plaintiff.

Robert J. Quigley, Jr., Higgins, Cavanagh & Cooney, Providence, for defendant.

## OPINION

KELLEHER, Justice.

In this Superior Court civil action seeking damages arising from an alleged assault, Donna Drake (Donna), who sues through her mother, Mary Drake, alleges that she was assaulted by an employee of the defendant, Star Market Co., Inc. (Star), on or about May 20, 1981. This appeal arises because of the trial justice's grant of Star's motion for a directed verdict made after Donna's presentation of evidence had been completed.

Several witnesses testified on behalf of Donna. Donna, a high school student, testified that she was a young girl of thirteen on a day in May of 1981 when she, her sisters Diane and Deborah, her parents, and her godparents visited one of Star's stores, which was located on Barton Street in Pawtucket, Rhode Island.[1] Donna and her sister Diane left the company of their parents at some point in their travels to visit a ladies' restroom, which was located on the second floor of the store. Donna testified that she was in a stall when a "lady worker" who was also in the restroom left the area; as she did, she turned off the light that served as the sole source of illumination in the restroom. Donna left the stall, switched the light back on, and went out of the room. Outside, she saw a "guy" sitting near the door. She asked this "guy" if he had seen the woman who had left the restroom, but he replied that he had not. Donna told the man, "Couldn't she have left the light on? She knows that we were in there and she deliberately shut the light off. She was ignorant." Donna then returned to the ladies' room.

Shortly thereafter, Donna and Diane were at the restroom sink when the man who had been outside the room entered, allegedly saying, "Get out. Get out of this bathroom." He claimed to be "the janitor," and an argument then ensued. Donna claims that this man was "yelling real loud" and was scaring her. The man then pulled Donna's hands from the sink, placed his arms around her waist, and "threw [her] on the floor" outside the restroom. In due course, Donna and Diane returned to the first floor and to the check-out area. There Donna testified that she saw the "guy" (the janitor) and "the manager" in conversation and overheard the manager say, "Well, you're not even supposed to be working today."

When Donna's testimony in chief had ended, Star moved for a directed verdict. After a thorough review of the evidence, as well as the applicable law, the trial justice concluded:

"[The plaintiff's case lacked] any evidence that [defendant's] employee had any sort of authority over the lady's employees restroom and that it was any part of his employment to evict unwanted guests in that restroom or even to clean that restroom. Therefore, there is a complete dearth of evidence on a crucial element in this case; namely, that

---

1. Diane, who was eight years old in May of 1981, corroborated Donna's version of what occurred. Donna's mother and Donna's treating psychiatrist also appeared as witnesses.

this assault and battery by defendant's employee, a janitor, was performed in the course of his employment, and that at the time, the employee was acting within the scope of his employment; in other words, that he was performing duties which the employee was expressly or impliedly hired to perform. Therefore, there is no way that this jury on this state of the evidence could find against the defendant, Star Market."

In reviewing a trial justice's grant of a directed verdict, we must examine all the evidence in a light most favorable to the plaintiff. *Lamoureux v. Davis*, 504 A.2d 449 (R.I. 1986); *Casador v. First National Stores, Inc.*, 478 A.2d 191 (R.I. 1984). In doing so, we must draw all reasonable inferences in Donna's favor. *Id.* We shall then countenance the grant of the directed verdict motion only if there is no evidence that would support a verdict for the plaintiff or if there is no evidence upon which reasonable minds could differ. *Id.* We keep this rigorous standard in mind as we review the evidence elicited during Donna's case.

 The law in Rhode Island with respect to the vicarious liability of the principal for the intentional torts of the agent is well established. An employer, in the absence of a statute to the contrary, is generally not responsible for a willful assault by an employee, unless it is committed while performing a duty in the course of his employment and by express or implied authority from the employer. *Labossiere v. Sousa*, 87 R.I. 450, 143 A.2d 285 (1958); *Bryce v. Jackson Diners Corp.*, 80 R.I. 327, 96 A.2d 637 (1953). A plaintiff may, however, in a proper case, imply such authority to an employer so as to hold the employer liable even though the act is one specifically forbidden by the employer or is in violation of law. *Labossiere*, 87 R.I. at 452, 143 A.2d at 287; *Bryce*, 80 R.I. at 331, 96 A.2d at 639. The doctrine of respondeat superior would hold the master liable when the nature of the employee's duty is such that "its performance would reasonably put the employer on notice that some force probably may have to be used in executing it." *Labossiere*, 87 R.I. at 453, 143 A.2d at 287 (quoting *Bryce*, 80 R.I. at 332, 96 A.2d at 640).

 The difficult controversies in this area involve situations in which the injury is inflicted by an employee while performing an act that is not reasonably within the scope of his employment or authority, express or implied. *Labossiere*, 87 R.I. at 453, 143 A.2d at 287; *Bryce*, 80 R.I. at 332, 96 A.2d at 640. Here the trial justice, in our opinion, properly concluded that there was no competent evidence presented to the jury from which it could conclude that the janitor was performing an act that was reasonably within the scope of either his implied or his express authority. No such testimony whatsoever was elicited regarding the janitor's identity, much less the specific duties for which he was hired.

This court in *Labossiere* made it clear that there is nothing in the nature of the usual duties of a waiter or waitress that give an employer reasonable notice that some force might have to be used in carrying out such duties. *Labossiere*, 87 R.I. at 453, 143 A.2d at 287. In this record there is not one iota of evidence that would support a reasonable inference that the janitor had either an express or an implied grant of authority to use force. Since the plaintiffs had failed to present any competent evidence that would indicate that the janitor might at some time be required to use force, the trial justice's grant of the directed verdict will not be disturbed by us on appeal.

The plaintiffs' appeal is denied and dismissed, and the judgment appealed from is affirmed.