Mark C. **MURPHY**

v.

The **NEWPORT WATERFRONT LAND-ING, INC. d/b/a The Landing and Kenneth Desmond, Alias.**

Civ. A. No. 91–0409L.

United States District Court,
D. Rhode Island.

Nov. 20, 1992.

Newport bar in which plaintiff, Mark C. Murphy, claims he was wrongfully assaulted by the bar's doorman, Kenneth Desmond. Murphy brought suit against both the bar, The Newport Waterfront Landing, Inc. ("The Landing"), and the doorman. Plaintiff claims that The Landing is liable vicariously, for its employee's tort, as well as directly, for negligent hiring, supervision, and retention of Desmond as an employee.

Desmond claims that there is no diversity between the plaintiff and him, and that the Court should dismiss him for lack of subject matter jurisdiction. Simultaneously, The Landing, arguing that Desmond is an indispensable party, urges the Court to exercise its discretion under Rule 19(b) of the Federal Rules of Civil Procedure to dismiss the entire case as to both defendants. The plaintiff responds first, that Desmond is a diverse party, and second, that, even if the Court grants Desmond's motion, the Court should not dismiss the case as to The Landing.

The Court heard oral arguments on Desmond's motion to dismiss, but held its decision in abeyance until it received written arguments regarding the effect that dismissal of Desmond has on the case against The Landing. After considering the written memoranda, the Court grants Desmond's motion to dismiss, but maintains jurisdiction over the case against The Landing.

Herbert F. DeSimone, Jr., Providence, R.I., for plaintiff.

James H. Reilly, III, Kelly, Kelleher, Reilly & Simpson, Providence, R.I., for defendant Newport Landing.

Netti C. Vogel, Vogel & Souls, Providence, R.I., for defendant Desmond.

## MEMORANDUM AND ORDER

LAGUEUX, District Judge.

This matter is before the Court on defendant Kenneth Desmond's motion to dismiss for lack of diversity pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. The suit arises from an incident in a

## DISCUSSION

### I. *Desmond's Motion To Dismiss*

Murphy filed suit in this Court based on diversity jurisdiction, 28 U.S.C. § 1332 (1992). Such jurisdiction requires complete diversity, i.e. all plaintiffs must be diverse to all defendants. *Strawbridge v. Curtiss,* 7 U.S. (3 Cranch) 267, 2 L.Ed. 435 (1806). It is clear to the Court that such complete diversity does not exist in this case. Both plaintiff and Desmond were citizens of Massachusetts when plaintiff commenced the suit, the critical time for assessing diversity jurisdiction. *Topp*

*v. CompAir, Inc.,* 814 F.2d 830, 832 n. 1 (1st Cir.1987).

Plaintiff does not dispute that Desmond was a Massachusetts citizen. In fact, Murphy alleges in both his original and amended complaints that Desmond was a citizen of Massachusetts, and the evidence on the record supports this contention. Instead, plaintiff now responds to Desmond's motion by arguing that, despite claims in both his original and amended complaints that he was a citizen of Massachusetts, he was, in fact, a citizen of Nebraska when he instituted the suit in August 1991. Murphy emphasizes that he was living in Nebraska while attending Creighton Law School in 1991. However, as discussed below, the Court concludes that Murphy was a citizen of Massachusetts.

■■■ To determine the state citizenship of a natural person who is a United States citizen, courts look to the person's domicile. *Lundquist v. Precision Valley Aviation, Inc.,* 946 F.2d 8, 10 (1st Cir.1991). A person's domicile, in turn, is "the place where a person has a true, fixed and permanent home and principal establishment and to which he has the intention of returning whenever he has departed therefrom." *Codagnone v. Perrin,* 351 F.Supp. 1126, 1129 (D.R.I.1972); *see also* 13B Charles A. Wright et al., Federal Practice and Procedure § 3612 (1984). "Mere residence in the state is not sufficient" to create a domicile. *Perrin,* 351 F.Supp. at 1129. Rather, courts consider numerous factors and circumstances in determining a person's domicile.

The factors in this case are fairly one-sided. Murphy was born and spent the majority of his childhood in Massachusetts. He attended college and then worked in Massachusetts until he began law school in 1989. Further, he received his driver's license, registered his car, and registered to vote in Massachusetts. Therefore, there is no question that Murphy was a domiciliary of Massachusetts when he moved to Nebraska to begin law school in 1989.

■■■ In order for a person to change his or her domicile, two elements are necessary: (1) taking up residence in a new state

and (2) intending to remain a resident in that new state. *Perrin,* 351 F.Supp. at 1129; 13B Wright et al., at § 3612 (1984). In this case, Murphy moved to Nebraska, but he showed no signs of intending to remain in that state. Importantly, he moved to Nebraska to attend school. Since out-of-state students are often " 'located in the state only for the duration of and for the purpose of their studies,' " they are generally presumed to lack the intention to remain in the state indefinitely. *Lyons v. Salve Regina College,* 422 F.Supp. 1354, 1357 (D.R.I.1976), *rev'd on other grounds,* 565 F.2d 200 (1st Cir.1977), *cert. denied,* 435 U.S. 971, 98 S.Ct. 1611, 56 L.Ed.2d 62 (1978) (quoting 13 C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure § 3619 (1975)) (nursing student who went to school and advertised for a job in Rhode Island was a domiciliary of her home state of Connecticut because she intended to return to Connecticut, had a Connecticut driver's license, Connecticut "Majority Card", and Connecticut voting card). Although a student can become a domiciliary of the state in which his or her school is located, such a change must be supported with objective evidence beyond simply residing in the school state. 13B Wright et al., at § 3619 (1984).

In this case, despite the fact that plaintiff had lived in Nebraska for the better part of two years by the time he commenced this suit, plaintiff has produced no evidence to rebut the presumption that he was only in Nebraska temporarily. In fact, he retained his Massachusetts driver's license, never registered his car in Nebraska, never registered to vote in Nebraska, never worked in Nebraska, and moved back to Massachusetts during the summers. Murphy even indicated that he wanted to work either in Massachusetts or in Nebraska. While this statement suggests that he may change his domicile to Nebraska in the future, as of the time he commenced this suit, he had not affirmatively severed his ties to Massachusetts. Finally, Murphy's subsequent action of taking the Massachusetts bar exam, even if passing the exam would allow him to practice in Nebraska

also, reinforces his allegiance to Massachusetts.

In accord with this evidence, the Court concludes that both Desmond and Murphy were citizens of Massachusetts at the commencement of this suit. Thus, the Court grants Desmond's motion to dismiss him as a party defendant.

## II. *Effect of Dismissal of Desmond on The Landing*

■ Even though the Court does not have subject matter jurisdiction over the case as instituted, it does not have to dismiss the entire case automatically. *Perrin*, 351 F.Supp. at 1130. Rather, unless the Court finds that the dismissed party is "indispensable," as defined by Rule 19(b) of the Federal Rules of Civil Procedure,[1] it may dismiss any non-diverse party pursuant to Rule 21 and proceed with the case.[2] *See, e.g. Field v. Volkswagenwerk AG*, 626 F.2d 293, 296–97 & n. 5 (3d Cir.1980) (non-diverse non-indispensable party dismissed to preserve subject-matter jurisdiction); *see also H.D. Corp. of Puerto Rico v. Ford Motor Co.*, 791 F.2d 987, 992 (1st Cir.1986) (after determining that one defendant was non-diverse, district court properly refused to allow plaintiff to proceed against diverse defendant because non-diverse party was indispensable); 13B Wright et al., at § 3605 (1984).

■ In this case, it is clear that Desmond is not an indispensable party. Plaintiff is suing The Landing under the doctrine of *respondeat superior*, for Desmond's alleged tortious conduct, and directly, for its alleged negligent hiring, supervision, and retention of Desmond as an employee. Regarding the former theory, the

D.C. Circuit has specifically stated, "[T]he employee is not a necessary party to a suit against his employer under *respondeat superior.*" *Rieser v. District of Columbia*, 563 F.2d 462, 469 n. 39 (1977), *modified en banc on other grounds*, 580 F.2d 647 (D.C.Cir.1978). This reasoning comports with the well established principle that a "person has a joint action against the master and his servant for the injuries resulting from the negligence or wrongful act of the servant under the doctrine of respondeat superior, or he may bring his suit against either the servant or the master." *Weekley v. Pennsylvania R.R. Co.*, 104 F.Supp. 899, 900 (E.D.Ill.1952); *see also, e.g., Drake v. Star Market Co.*, 526 A.2d 517 (R.I.1987) (patron sued store for an assault allegedly committed by store employee); *Labossiere v. Sousa*, 87 R.I. 450, 143 A.2d 285 (1958) (patron assaulted by restaurant employee only sued the restaurant owner). Along similar lines, as the latter claims implicate The Landing directly for its own allegedly negligent behavior, plaintiff could have brought suit on these claims solely against The Landing from the outset. *See, e.g., Welsh Mfg., Div. of Textron v. Pinkerton's, Inc.*, 474 A.2d 436 (R.I.1984) (manufacturer sued security firm on theory of negligent hiring after security firm employee assisted in theft of manufacturer's property). Accordingly, the Court concludes that Desmond is not an indispensable party and that "in equity and good conscience the action should proceed among the parties before it." Fed.R.Civ.P. 19(b).

## CONCLUSION AND ORDER

Consistent with the reasoning stated above, the Court grants defendant Des-

---

1. Fed.R.Civ.P. 19(b) states:

   If a person ... cannot be made a party, the court shall determine whether in equity and good conscience the action should proceed among the parties before it, or should be dismissed, the absent person being thus regarded as indispensable. The factors to be considered by the court include: first, to what extent a judgment rendered in the person's absence might be prejudicial to the person or those already parties; second, the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoid-

ed; third, whether a judgment rendered in the person's absence will be adequate; fourth, whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder.

2. Fed.R.Civ.P. 21 provides:

   Misjoinder of parties is not ground for dismissal of an action. Parties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just. ...

mond's motion to dismiss but retains jurisdiction of the case against defendant The Landing.

*It is so Ordered.*