421 F.2d 1310
 Michael JOHNSTON, Plaintiff-Appellant,
v.
The CORDELL NATIONAL BANK, a corporation; Rual Denton and Charles D. Johnston, Jr.; and the Directors of the Cordell National Bank as follows: Floy Armfield, Z. Denton, Sr., R. C. Denton, H. R. Hinds, Mrs. F. G. Kliewer and F. G. Kliewer, Jr., Defendants-Appellees.
 No. 138-68.
 United States Court of Appeals, Tenth Circuit.
 February 9, 1970.
 
 Gomer Smith, Jr., Oklahoma City, Okla., for plaintiff-appellant.
 Edgar Fenton, Oklahoma City, Okl. (J. T. Bailey and R. Lockwood Jones, Cordell, Okl., with him on the brief) for defendants-appellees.
 Before LEWIS, HILL and HICKEY, Circuit Judges.
 HICKEY, Circuit Judge.
 
 
 1
 It is stipulated by the parties that this is an appeal from the Order of the United States District Court for the Western District of Oklahoma wherein plaintiff's complaint was dismissed for want of jurisdiction based upon a finding of lack of diversity of citizenship.
 
 
 2
 The sole issue is the question of whether or not the parties are citizens of different states.
 
 
 3
 The citizenship of appellee Cordell National Bank is established in Oklahoma for jurisdictional purposes. Mercantile Nat'l Bank v. Langdeau, 371 U.S. 555, 561, 83 S.Ct. 520, 9 L.Ed.2d 523 (1963) at footnote 11.
 
 
 4
 The citizenship of appellant Johnston is the subject of this appeal. The complaint was filed in Oklahoma and alleged Johnston was a citizen of the State of Kansas.
 
 
 5
 Diversity of citizenship is determined as of the time the suit is instituted and cannot be ousted by subsequent events. Smith v. Sperling, 354 U.S. 91, 93, 77 S.Ct. 1112, 1 L.Ed.2d 1205, 68 A. L.R.2d 805 (1957) footnote 1, citing Mollan (sic) v. Torrance, 9 Wheat. 537, 22 U.S. 237, 6 L.Ed. 154; Wichita R. R. & Light Co. v. Public Utilities Comm'n, 260 U.S. 48, 43 S.Ct. 51, 67 L.Ed. 124 (1922).
 
 
 6
 The complaint herein was filed by Johnston on August 28, 1967. The limited record discloses evidence introduced establishing: (1) Johnston, a minor, had the rights of majority conferred upon him by court proceedings in Oklahoma prior to this action; (2) He was born in Kansas and at a very early age moved with his parents to Oklahoma where he was reared and finished high school and one year of college; (3) He moved to Kansas after the college school year in Oklahoma in May, 1967; (4) On May 27, 1967, he pre-enrolled in college in Kansas; (5) He began attending college in Kansas on August 25, 1967; (6) He opened a bank account on May 29, 1967; (7) He sought and obtained employment for the summer season in Kansas where he reported Kansas residence for his form W2 tax forms; (8) He established a small apartment residence in July, 1967; (9) He forfeited his Oklahoma driver's license and obtained a Kansas driver's license on July 21, 1967; (10) He obtained a library card in Kansas during the early summer months. All of the foregoing occurred in McPherson, Kansas.
 
 
 7
 Evidence was also adduced: (1) That Johnston, on several occasions, made short trips to Oklahoma to visit his mother and stepfather, in whose name the car he was driving was titled and licensed pursuant to Oklahoma law; (2) Johnston's father, divorced from his mother, died in 1964 and bequeathed him a home and furniture which he owns and permits his mother and stepfather to reside in; (3) His mother filed a homestead exemption form in his name on January 10, 1968, claiming the resident benefits allowed under Oklahoma law.
 
 
 8
 In a pretrial deposition Johnston testified this filing was with his consent and knowledge. His testimony at the hearing, however, disclaims any knowledge of the filing and explains the prior inconsistent testimony by virtue of his fear at that time that he would get his mother in trouble if he did not acknowledge her act.
 
 
 9
 The trial court did not make findings of fact nor state its conclusions of law nor is it required to under Fed.R.Civ. P. 52(a) when a motion under Fed.R. Civ.P. 12 is decided. However, in this case, such findings and conclusions would have been helpful.
 
 
 10
 In searching the record for the factual basis of the court's conclusion, we found the court considered much of the evidence adduced irrelevant.
 
 
 11
 We conclude the court below relied upon the signing and acknowledgment of the homestead exemption claim by the mother because of its statement at the conclusion of the hearing:
 
 
 12
 "So we come right down to the truth of the thing: What is the significance of all these circumstances?
 
 
 13
 "To me, his home and furniture, the mother, have more significance than most anything else. He, either himself or through his mother, has listed his homestead for homestead exemption and in this county I don't know what the homestead right is, but that is a substantial privilege that a citizen of Oklahoma has who has a home, to take homestead exemption, which takes off of the top of the value of the homestead $1000 and $100 for the personalty in the home. In Oklahoma County, why you take a homestead exemption on a substantial home, it amounts to $300 or $400 — $400 or $500."
 
 
 14
 We note the homestead exemption was claimed January 10, 1968, approximately four and one half months after the complaint had been filed.
 
 
 15
 Cordell Bank relies upon Walden v. Broce Constr. Co., 357 F.2d 242 (10th Cir. 1966) to sustain the court's determination. That case holds mere mental fixing of citizenship is not sufficient to establish citizenship for the purposes of federal diversity.
 
 
 16
 It is true Johnston testified that he intended to change his domicile or citizenship[1] when he moved to Kansas.
 
 
 17
 In Townsend v. Bucyrus-Erie Co., 144 F.2d 106 (10th Cir. 1944) the court held that declarations of intention to establish residence in a particular place are entitled to great weight, but should be viewed in light of any motive. We find no evidence of motive in the record before us.
 
 
 18
 We have held the two elements essential to establish a new domicile or citizenship are intent and some act or acts to carry such intention into effect. Mid-Continent Pipe Line Co. v. Whiteley, 116 F.2d 871 (10th Cir. 1941).
 
 
 19
 The Fourth Circuit has held that where a person moving to a new state accepts employment, moves some of his personal effects, and enters school there, his domicile changes for the purpose of diversity of citizenship. Wehrle v. Brooks, 269 F.Supp. 785 (W.D.N.C. 1966), aff'd 379 F.2d 288 (4th Cir. 1967).
 
 
 20
 Having in mind the clearly erroneous doctrine which guides appellate courts, we conclude that the basis upon which the record indicates the ruling was based, i.e. the claim of homestead exemption, was erroneously considered under the authority cited above and therefore cannot stand.
 
 
 21
 Reversed and remanded to the trial court for further consideration in the light of the foregoing opinion.
 
 
 
 Notes:
 
 
 [1]
 For purposes of jurisdiction of Federal District Courts on the grounds of diversity of citizenship, the terms "domicile" and "citizenship" are synonymous. Russell v. New Amsterdam Cas. Co., 325 F. 2d 996 (8th Cir. 1964)