**Lola B. WILSON, Plaintiff,**

v.

**Paul PICKENS, III, Defendant and Third-Party Plaintiff,**

v.

**Eldon WILSON, Defendant and Third-Party Defendant.**

**No. CIV–77–0202–D.**

United States District Court, W. D. Oklahoma.

Nov. 8, 1977.

---

Ronald R. Hudson, Oklahoma City, Okl., Larry M. Weber, Altus, Okl., for plaintiff.

James M. Robinson, Oklahoma City, Okl., for defendant Paul Pickens, III.

D. C. Johnston, Jr., Oklahoma City, Okl., for defendant Eldon Wilson.

## ORDER

DAUGHERTY, Chief Judge.

This is an action in which Plaintiff seeks damages for injuries she allegedly received when an automobile driven by Defendant Eldon Wilson in which Plaintiff was riding as a passenger was struck by a vehicle driven by Defendant Paul Pickens, III (Pickens). It is asserted that this Court has subject matter jurisdiction by reason of diversity of citizenship and amount in controversy pursuant to 28 U.S.C. § 1332.

Pursuant to Rule 12(b)(1), Federal Rules of Civil Procedure, Defendant Pickens has filed herein a Motion to Dismiss Plaintiff's Complaint for lack of subject matter jurisdiction. Said Motion is supported by a Brief and Plaintiff has filed a Brief in opposition thereto.

In support of his Motion, Defendant Pickens contends that he is an Oklahoma resident and that Plaintiff's domicile is in Hollis, Oklahoma, where her husband lives, rather than in Wellington, Texas, where Plaintiff has lived since moving from Hollis on January 31, 1977. Therefore, the Court should dismiss this action for lack of diversity jurisdiction. In her Brief in opposition to Defendant Pickens' Motion, Plaintiff contends that the evidence before the Court clearly shows that Plaintiff established her domicile in Texas and that the common law rule of identity of domicile between husband and wife is not applicable to this case.

■ Diversity jurisdiction in federal courts is determined from the allegations of the Complaint. *Whitelock v. Leatherman*, 460 F.2d 507 (Tenth Cir. 1972); *Alfonso v. Hillsborough County Aviation Authority*, 308 F.2d 724 (Fifth Cir. 1962); *Walden v. Elrod*, 72 F.R.D. 5 (W.D.Okl.1976). If a plaintiff's allegation of jurisdictional facts is challenged by a defendant then the plaintiff has the burden of supporting the allegations with competent proof. *Thomson v. Gaskill*, 315 U.S. 442, 62 S.Ct. 673, 86 L.Ed. 951 (1942); *McNutt v. General Motors Ac-* *ceptance Corp.*, 298 U.S. 178, 56 S.Ct. 780, 80 L.Ed. 1135 (1936); *Walden v. Elrod, supra.* The burden of proof in such a situation is by a preponderance of the evidence. *Mid-Continent Pipe Line Co. v. Whiteley*, 116 F.2d 871 (Tenth Cir. 1941); *Walden v. Elrod, supra.*

■ Diversity of citizenship is determined as of the time the suit is instituted. *Johnston v. Cordell National Bank*, 421 F.2d 1310 (Tenth Cir. 1970); *Walden v. Elrod, supra.* However, a diversity action should be dismissed if at any time it becomes apparent that there is a lack of diversity. *Bradbury v. Dennis*, 310 F.2d 73 (Tenth Cir. 1962), *cert. denied*, 372 U.S. 928, 83 S.Ct. 874, 9 L.Ed.2d 733 (1964); *Walden v. Elrod, supra.* With respect to the diversity jurisdiction of federal courts, "citizenship" has the same meaning as "domicile" and imports permanent residence in a particular state. *Walden v. Broce Construction Co.*, 357 F.2d 242 (Tenth Cir. 1966). The two elements essential to the establishment of a new domicile are intent and some act to carry such intention into effect. *Johnston v. Cordell National Bank, supra; Walden v. Elrod, supra.* Residence alone is not the equivalent of citizenship, although the place of residence is prima facie domicile, and citizenship is not necessarily lost by protracted absence from home, where the intention to return remains. *Walden v. Broce Construction Co., supra.* Nor is mere mental fixing of citizenship sufficient to establish citizenship for purposes of federal diversity jurisdiction. *Id.*

■ At common law, the domicile of a married woman was that of her husband although the wife may have been residing in another place. 13 Wright and Miller, *Federal Practice and Procedure*: Civil § 3614; *see Anderson v. Watt*, 138 U.S. 694, 11 S.Ct. 449, 34 L.Ed. 1078 (1891). However, recent cases have held that a wife may acquire a domicile separate from that of her husband. *See Mas v. Perry*, 489 F.2d 1396 (Fifth Cir. 1974), *cert. denied*, 419 U.S. 842, 95 S.Ct. 74, 42 L.Ed.2d 70 (1974); *Napletana v. Hillsdale College*, 385 F.2d 871 (Sixth Cir. 1967); *Spindel v. Spindel*, 283 F.Supp. 797 (E.D.N.Y.1968).

In the instant case, the record before the Court reveals that Plaintiff moved to Wellington, Texas, because of her depression resulting from the injuries she sustained in the auto accident and because of her fear that her condition and mental attitude made her husband unhappy. Plaintiff stated at page 41 of her deposition that her intention to remain in Wellington was "just according to the way I learn to overcome what happened." Also, Plaintiff stated at page 64 that she had no intention of returning to Hollis and at page 67 that Wellington was her "home." Furthermore, it is not disputed that when Plaintiff moved to Wellington, she took her clothes, personal effects and some furniture with her; that she registered to vote in Wellington and acquired a Texas driver's license shortly after her arrival; and that she formally changed her address with the Post Office so that her mail would be delivered to her Wellington residence.

In view of the foregoing, the Court finds and concludes that the preponderance of the evidence before it indicates that Plaintiff had changed her domicile to Wellington, Texas, prior to filing this action and that she intends to remain there in the future. Change of residence and intent to remain permanently or at least indefinitely are the criteria which this Court must consider in determining whether a change of domicile has resulted in a change of citizenship for the purposes of conferring diversity jurisdiction. *Walden v. Broce Construction Co., supra; Walden v. Elrod, supra.* Therefore, Defendant Pickens' Motion to Dismiss for lack of subject matter jurisdiction should be overruled subject to reconsideration at the trial of this case if it becomes apparent that Plaintiff is not truly diverse.

It is so ordered this 8 day of November, 1977.

* Consolidated with the following; in which W. Michael Blumenthal is the Defendant: