Leroy BUTLER, Louie Butler, Alvin Butler, Plaintiffs,

v.

Olen POLLARD, James H. Mashburn, Bobby Lundry, John E. Seal, Wm. (Sonny) Coffman, Jess Price, and Board of County Commissioners of McCurtain County, State of Oklahoma, Defendants.

No. 79-165-C.

United States District Court, E. D. Oklahoma.

Sept. 13, 1979.

Joe Stamper, Antlers, Okl., for plaintiffs.

Lawrence A. G. Johnson, Tulsa, Okl., for defendants Pollard, Mashburn, Lundry and Coffman.

John E. Shipp, Idabel, Okl., for defendant Seal.

Gary L. Brock, Idabel, Okl., for defendant Price.

Alfred R. Cecil, Asst. Dist. Atty., Idabel, Okl., for defendant Bd. of County Com'rs.

DAUGHERTY, Chief Judge.

## ORDER

Plaintiffs bring this action alleging that they have sustained damages as a result of the Defendants having caused water to be diverted across the Plaintiffs' lands. Plaintiffs seek as relief herein a judgment against the Defendants for actual and punitive damages. It is asserted that this Court has jurisdiction of the action pursuant to 28 U.S.C. § 1332 by reason of diversity of citizenship and amount in controversy. Plaintiffs allege that they are all citizens of California and that all of the Defendants except for John E. Seal are citizens of Oklahoma. They state that Defendant Seal is a resident of Oregon.

The action is now before the Court on Defendant Jess Price's Motion to Dismiss and Motion to Strike. Price has filed a brief and affidavit in support of his Motion to Dismiss and a brief in support of his Motion to Strike. The Plaintiffs have filed responses in opposition to Price's Motions, with a supporting brief, affidavit and exhibits.

The Court rules on Price's Motions as follows:

## MOTION TO DISMISS

Price moves the Court to dismiss this action on the basis that the Court lacks jurisdiction over the subject matter and parties and that the Complaint fails to state a claim against him on which relief can be granted. The Court will consider these contentions separately.

*Subject Matter Jurisdiction*

Price moves to dismiss the instant action for lack of diversity of citizenship jurisdiction. He contends that there is not complete and total diversity of citizenship between the parties as he asserts that Plaintiff Louie Butler has the same state of citizenship—Oklahoma—as most of the Defendants. Price submits an affidavit from his attorney stating that Louie Butler has a mailing address at the Idabel, Oklahoma post office for his residence located in McCurtain County, Oklahoma; that he has a telephone number listed in the Idabel, Oklahoma telephone directory; and that calls placed to this telephone number will place the caller in contact with him at his residence in McCurtain County. On the basis of these facts, Price argues that Louie Butler is a citizen of Oklahoma and that

this precludes there being complete diversity of citizenship between all of the parties in this case.

In opposition to Price's Motion to Dismiss, Plaintiffs contend that Louie Butler is a resident of California and submit an affidavit from Louie Butler wherein he relates numerous facts intending to show that his citizenship lies in California rather than in Oklahoma. In this affidavit, Butler states that although he owns land in McCurtain County, Oklahoma, has stayed there for considerable periods of time, and maintains a phone listed under his name in a cabin on his Oklahoma property, it is his purpose and intent to live in Los Angeles, California; that he owns and lives in a home in Los Angeles; that he is a registered voter in California and voted there in the 1978 elections; that he has a California driver's license; that he is a member of the Los Angeles local of the International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America, and receives a monthly retirement check from that union addressed to him at his Los Angeles home; that two or three years ago he directed the Idabel, Oklahoma post office to send his mail to him in Los Angeles; that he does not leave any clothing in the cabin on his Oklahoma property, but brings clothes and toilet articles with him when he comes to Oklahoma; that his vehicle has a California license; and that his family physicians and dentists are located in California.

■ Rule 12(d), Federal Rules of Civil Procedure, contemplates a preliminary hearing and determination of jurisdictional issues in advance of trial unless the court defers such action until the time of trial. *Schramm v. Oakes*, 352 F.2d 143 (Tenth Cir. 1965). As there is no statutory direction for procedure upon an issue of jurisdiction, the mode of its determination is left to the trial court. *Gibbs v. Buck*, 307 U.S. 66, 59 S.Ct. 725, 83 L.Ed. 1111 (1939); *Sherman v. American Federation of Musicians*, 588 F.2d 1313 (Tenth Cir. 1978); *Schramm v. Oakes, supra; Walden v. Elrod*, 72 F.R.D. 5 (W.D. Okl.1974). The trial court may gather evidence on the question of jurisdiction by affidavits or otherwise to determine the facts as they exist and based upon the evidence so obtained, decide the jurisdictional dispute. *KVOS, Inc. v. Associated Press*, 299 U.S. 269, 57 S.Ct. 197, 81 L.Ed. 183 (1936); *Schramm v. Oakes, supra; Walden v. Elrod, supra*. In the instant case, the Court finds that the affidavits submitted by the parties provide sufficient evidence for the Court to rule on the jurisdictional dispute involved in the motion now before the Court.

■ Diversity jurisdiction in federal courts is determined from the allegations of the complaint. *Whitelock v. Leatherman*, 460 F.2d 507 (Tenth Cir. 1972); *Alfonso v. Hillsborough County Aviation Authority*, 308 F.2d 724 (Fifth Cir. 1962); *Wilson v. Pickens*, 444 F.Supp. 53 (W.D.Okl.1977); *Walden v. Elrod, supra*. If a plaintiff's allegation of jurisdictional facts is challenged by a defendant then the plaintiff has the burden of supporting the allegations with competent proof. *Thomson v. Gaskill*, 315 U.S. 442, 62 S.Ct. 673, 86 L.Ed. 951 (1942); *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 56 S.Ct. 780, 80 L.Ed. 1135 (1936); *Wilson v. Pickens, supra; Walden v. Elrod, supra*. The burden of proof in such a situation is by a preponderance of the evidence. *Mid-Continent Pipe Line Co. v. Whiteley*, 116 F.2d 871 (Tenth Cir. 1941); *Wilson v. Pickens, supra; Walden v. Elrod, supra*.

■ Diversity of citizenship is determined as of the time the suit is instituted. *Johnston v. Cordell National Bank*, 421 F.2d 1310 (Tenth Cir. 1970); *Wilson v. Pickens, supra; Walden v. Elrod, supra*. A diversity action should be dismissed if at any time it becomes apparent that there is a lack of diversity. *Bradbury v. Dennis*, 310 F.2d 73 (Tenth Cir. 1962), *cert. denied*, 372 U.S. 928, 83 S.Ct. 874, 9 L.Ed.2d 733 (1964); *Wilson v. Pickens, supra; Walden v. Elrod, supra*. With respect to the diversity jurisdiction of federal courts, "citizenship" has the same meaning as "domicile" and imports permanent residence in a particular state. *Walden v. Broce Construction Co.*, 357 F.2d 242 (Tenth Cir. 1966); *Wilson v. Pickens, supra*.

The two elements essential to the establishment of a new domicile are intent and some act to carry such intention into effect. *Johnston v. Cordell National Bank, supra; Wilson v. Pickens, supra; Walden v. Elrod, supra.* Residence alone is not the equivalent of citizenship, although the place of residence is prima facie domicile, and citizenship is not necessarily lost by protracted absence from home, where the intention to return remains. *Walden v. Broce Construction Co., supra; Wilson v. Pickens, supra.* Nor is mere mental fixing of citizenship sufficient to establish citizenship for purposes of federal diversity jurisdiction. *Id.*

The record before the Court in the instant case reveals that Plaintiff Louie Butler has apparently neither intended to establish a domicile in Oklahoma nor committed any act to carry such an intention into effect. His current residence is in California; he is a registered voter of that state and voted there in the 1978 elections; he belongs to a Los Angeles local of an international union; he has a California driver's license and vehicle registration; and his family physicians and dentists are located in California.

In view of these facts, the Court finds that the preponderance of the evidence before it indicates that Louie Butler appears to be domiciled in California and is thus a citizen of California. Accordingly, to the extent Price's Motion to Dismiss is based on his contention that Plaintiff Louie Butler is a citizen of Oklahoma and is not truly diverse from the Defendants in this case who maintain their citizenship in Oklahoma, Price's Motion is overruled subject to reconsideration at the trial if it becomes apparent that the citizenship of Louie Butler is not in fact diverse from all of the Defendants.

*Failure to State a Claim*

In this portion of his Motion to Dismiss, Price moves to dismiss this action for the failure of the Complaint to state a claim upon which relief can be granted. Price contends that the acts complained of in the Complaint fall within the statutory duties of the county commissioners which are subject to individual discretion on the part of the commissioners and that a public officer is not liable, under Oklahoma law, for damage resulting from the discharge of his discretionary duties. In response, Plaintiffs assert that the acts complained of were beyond the authority of the commissioners, acting as a commission, to engage in, thereby subjecting the members to individual liability.

In considering a motion to dismiss for failure to state a claim upon which relief can be granted, the allegations in the Complaint must be taken as true, *Cruz v. Beto,* 405 U.S. 319, 92 S.Ct. 1079, 31 L.Ed.2d 263 (1972), and the Complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the Plaintiffs can prove no set of facts in support of their claim which would entitle them to relief. *Hospital Building Co. v. Trustees of Rex Hospital,* 425 U.S. 738, 96 S.Ct. 1848, 48 L.Ed.2d 338 (1976); *Cruz v. Beto, supra; Conley v. Gibson,* 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); *Bryan v. Stillwater Board of Realtors,* 578 F.2d 1319 (Tenth Cir. 1977).

An examination of the Plaintiffs' Complaint in this case reveals that the Plaintiffs have stated a claim for relief against Price sufficient to withstand Price's Motion to Dismiss for failure to state a claim upon which relief can be granted. Plaintiffs contend that Price, as a member of the Board of County Commissioners of McCurtain County, Oklahoma, desired to drain surface waters from lands near or adjacent to Plaintiffs' land and to accomplish this agents entered upon Plaintiffs' land, without legal authority to do so, and caused the surface water of the surrounding lands to be diverted across the Plaintiffs' land, thereby damaging it. Clearly, the Court cannot say with certainty that the Plaintiffs will be unable to prove facts entitling them to relief against Price.

Accordingly, to the extent Price's Motion to Dismiss is based on his contention that the Complaint herein fails to state a claim

against him upon which relief can be granted the Motion is overruled.

## MOTION TO STRIKE

Pursuant to Rule 12(f), Federal Rules of Civil Procedure, Price moves the Court for an order striking the Plaintiffs' claim for punitive damages on the ground that punitive damages are not proper in this type of action. In support of his Motion, Price contends that the Plaintiffs' exclusive remedy in this action is reverse condemnation pursuant to 66 Okl.Stat.1971 § 57, whereby the Plaintiffs may seek condemnation damages but not punitive damages.

The Plaintiffs respond that the instant Motion is not well taken and should be overruled.

Rule 12(f), *supra,* provides that the Court may order stricken from any pleadings any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. However, motions to strike are not favored and are strictly construed. *E. g., Sample v. Gotham Football Club, Inc.,* 59 F.R.D. 160 (S.D.N.Y.1973); *Vinita Broadcasting Co. v. Colby,* 320 F.Supp. 902 (N.D.Okl.1971). In the instant case, Price has not convinced the Court that the material he wishes stricken is redundant, immaterial, impertinent or scandalous. *See Allen v. Transok Pipe Line Co.,* 552 P.2d 375 (Okl.1976). Any improper material will be removed at the time of the pretrial conference or not admitted in evidence at the trial herein.

Accordingly, Price's Motion to Strike is overruled.

Defendant Price is directed to answer or otherwise plead to Plaintiffs' Complaint within 15 days of this date.