**John Daniel DECKERS, as the Personal Representative of the Estate of Dorothy Ann Deckers, deceased, Plaintiff,**

v.

**KENNETH W. ROSE, INC., et al., Defendants.**

**No. 84–67–Civ–J–16.**

United States District Court, M.D. Florida, Jacksonville Division.

Aug. 24, 1984.

Dennis L. Webb, Headley & Webb, Miami, Fla., for plaintiff.

Scott Fortune, Jacksonville, Fla., for defendants.

## ORDER OF DISMISSAL

JOHN H. MOORE, II, District Judge.

This cause is before the Court on the motion of Defendants, KENNETH W. ROSE, INC., et al., to dismiss for lack of subject matter jurisdiction. For the reasons discussed below, the motion is granted.

This is a wrongful death action arising out of an automobile accident that occurred in Putnam County, Florida and resulted in the death of plaintiff's wife, DOROTHY ANN DECKERS. The complaint alleges that jurisdiction is founded upon diversity of citizenship, 28 U.S.C. § 1332, and that plaintiff is a resident of Georgia, whereas all defendants are residents of Florida. The following facts are not disputed.

Defendant, KENNETH W. ROSE, INC., is a corporation, incorporated in Florida, with its principal place of business in Florida. Defendants, KENNETH W. ROSE and RANDY MICHAEL ROSE, are citizens of Florida. Plaintiff, JOHN DANIEL DECKERS, was born in Miami, Florida, where he lived until he enlisted in the Army in 1980.

Following his enlistment, plaintiff was stationed at Ft. Benning, Georgia. Plaintiff married the decedent approximately fifteen (15) months prior to the accident giving rise to this action, and the couple resided in an off-base apartment near Ft. Benning, Georgia. Neither plaintiff nor the decedent owned real property in Georgia or

Florida. Plaintiff and the decedent maintained valid Florida driver's licenses, listing as their permanent addresses the home of their respective parents in Miami, Florida. Plaintiff had allowed his Florida voter's registration to expire, and neither plaintiff nor the decedent was registered to vote in Georgia or Florida. While in Georgia, the plaintiff purchased, registered, and insured an automobile through Georgia agencies. Finally, the plaintiff maintained an active bank account with the First National Bank of Columbus, Georgia.

On October 21, 1983, the couple left Ft. Benning, Georgia because plaintiff had received orders reassigning him to a new duty station in Erlangen, Germany. Upon departing, the couple notified postal authorities to forward their mail, terminated their lease, moved out of their apartment, and stored their household belongings with the government. These belongings were to be sent to Germany after they located a place to live. Additionally, the decedent quit her job with a day labor agency in Georgia.

Because plaintiff was on accumulative military leave until his departure for Germany, the couple left Ft. Benning to stay with either of their parents in Miami, Florida. Plaintiff was scheduled to depart for Germany from Charleston, South Carolina on November 21, 1983, and was not required to return to Ft. Benning at any time. The accident in question occurred while the couple was en route from Ft. Benning to Miami, spending the night with grandparents in Palatka, Florida.

Since the death of his wife, plaintiff has resided with his parents and is stationed in Miami, Florida under "compassionate reassignment" by the Army. Plaintiff's wife is buried in Miami, and her estate is probated through the Probate Court of Muscogee County, Georgia.

The sole issue to be resolved is whether these facts indicate that plaintiff is a citizen of Georgia, as alleged in the complaint, or a citizen of Florida, as contended by the defendants in the motion to dismiss.

■ Because this is a wrongful death action, the citizenship of plaintiff, the administrator of his deceased wife's estate, is the relevant citizenship for diversity purposes. *See, e.g., Mecom v. Fitzsimmons Drilling Co.*, 284 U.S. 183, 52 S.Ct. 84, 76 L.Ed. 233 (1931); *Bush v. Carpenter Bros., Inc.*, 447 F.2d 707 (5th Cir.1971). *Cf. Bishop v. Hendricks*, 495 F.2d 289 (4th Cir. 1974), *cert. denied*, 419 U.S. 1056, 95 S.Ct. 639, 42 L.Ed.2d 653 (1974).

■ A citizen of a state, within the meaning of 28 U.S.C. § 1332, is a person domiciled within that state who is a citizen of the United States. *Gilbert v. David*, 235 U.S. 561, 35 S.Ct. 164, 59 L.Ed. 360 (1915). As a member of the military service, plaintiff is presumed to retain his domicile at the time of enlistment. *See, e.g., Codagnone v. Perrin*, 351 F.Supp. 1126 (D.C.R.I. 1972). The Court finds the plaintiff was a domiciliary of Florida when he entered the service in 1980. Plaintiff was born and raised in Miami, Florida, where he resided at the time he enlisted in the Army.

■ Several presumptions operate against plaintiff's contention that his domicile nonetheless changed to Georgia when he was stationed at Ft. Benning. First, because federal courts are courts of limited jurisdiction, plaintiff bears the burden of establishing diversity of citizenship. *See Mas v. Perry*, 489 F.2d 1396 (5th Cir.1974), *cert. denied*, 419 U.S. 842, 95 S.Ct. 74, 42 L.Ed.2d 70 (1974). Second, plaintiff bears the burden of demonstrating a change in domicile from Florida to Georgia. *Hawes v. Club Ecuestre El Comandante*, 598 F.2d 698 (1st Cir.1979). Third, and lastly, the presumption of an enlistment domicile is rebuttable only with "clear and unequivocal" evidence that the serviceman intended to make a different state his true home. *Codagnone v. Perrin*, 351 F.Supp. 1126 (D.C.R.I.1972).

■ Although plaintiff asserts he considered himself a Georgia citizen, such self-

28

serving statements must be viewed in light of objective acts indicative of actual intent. Merely that plaintiff's wife accompanied him to Ft. Benning and the couple rented a nearby off-base apartment does not establish a change of domicile. *See Humphrey v. Fort Knox Transit Co.*, 58 F.Supp. 362 (D.C.Ky.1945), *aff'd per curiam* 151 F.2d 602 (6th Cir.1945). While residing in Georgia, plaintiff also purchased and registered an automobile with Georgia agencies and maintained a bank account with a Georgia bank. These ties are such as would naturally be formed wherever a serviceman is stationed, and the Court finds them insufficient to overcome the presumption that plaintiff intended to return to his Florida domicile. Moreover, there is no indication that plaintiff initially requested he be assigned to Ft. Benning, Georgia, that plaintiff sought to remain in Georgia upon learning of his transfer to Germany, or that plaintiff had any duty or desire to return to Georgia again. *Cf. Ellis v. Southeast Construction Company*, 260 F.2d 280 (8th Cir.1958).

The Court's holding that plaintiff is a Florida domiciliary is further buttressed by the well-established rule that a party's current residence is prima facie evidence of his domicile. *See, e.g., Wilson v. Pickens*, 444 F.Supp. 53 (D.C.Okl.1977). Plaintiff is currently residing in Florida, where his parents live, where his wife was buried, where he is on "compassionate reassignment" for the Army, and where he lived when he filed this action.

Because plaintiff is a Florida citizen, and it is undisputed that defendants are also Florida citizens, the requisite diversity of citizenship is lacking. The plaintiff having alleged no other ground of federal jurisdiction, it is now:

ORDERED and ADJUDGED that the defendants' motion to dismiss for lack of subject matter jurisdiction be and the same is hereby GRANTED and this cause is hereby DISMISSED.