Debyan ROSADO–MARRERO, a Minor
by Hansel ROSADO–CANCEL et
al., Plaintiffs,

v.

HOSPITAL SAN PABLO, INC.
et al., Defendants.

Civil No. 94–2736(DRD).

United States District Court,
D. Puerto Rico.

May 31, 1996.

Hector L. Moreno–Luna, Utuado, PR, for plaintiffs.

Jose A. Masini–Soler, San Juan, PR, Angel R. De–Corral–Julia, De Corral & De Mier, San Juan, PR, for Hospital San Pablo, Inc.

Ernesto F. Rodriguez–Suris, Hato Rey, PR, for Jose J. Mimoso, Dr.

Sigrid Lopez–Gonzalez, San Juan, PR, Manuel San–Juan–DeMartino, San Juan, PR, for Jose Perez–Linares.

Angel M. Rivera–Munich, Hato Rey, PR, for San Pablo Anesthesia Associates.

Sigrid Lopez–Gonzalez, San Juan, PR, for Puerto Rico Insurance Guaranty Association.

## OPINION AND ORDER

DOMINGUEZ, District Judge.

Pending before the Court is codefendant's Hospital San Pablo Motion to Dismiss for lack of jurisdiction (Docket No. 23) joined by codefendant Dr. José J. Mimoso (Docket No. 29), by Dr. Pérez Linares and the Puerto Rico Guarantee Association (Docket No. 39) and Plaintiffs' Oppositions thereto (Docket No. 27 and 47).

The above captioned case is a medical malpractice complaint based on diversity jurisdiction, 28 U.S.C. 1332. Plaintiff is an eight-year-old minor who allegedly suffered damages at birth resulting from medical malpractice that occurred in Puerto Rico caused by

an obstetrician, an anesthesiologist, and a Hospital all domiciled in Puerto Rico. Plaintiff, a minor, is represented by her father Mr. Hansel Rosado Cancel and her mother Mrs. Deborah Marrero Alvarez who were residents domiciled in Puerto Rico. On April of 1987 Mr. Rosado was enlisted in the U.S. Army, and at the time of filing the complaint, he was stationed and residing in the state of Florida.

## I.

"... **Domicile is the technically pre-eminent headquarters that any person is compelled to have in order that certain rights and duties that have been attached to it by the law be determined."** *Williamson v. Osenton,* **232 U.S. 619, 625, 34 S.Ct. 442, 443, 58 L.Ed. 758 (1914) J. Holmes.**

Since the domicile of an unemancipated minor is ordinarily that of the parents, *Rodriguez–Diaz v. Sierra–Martinez,* 853 F.2d 1027 (1st Cir.1988), the Court must examine the domicile of the parents of the minor in order to determine diversity. Co-defendant Hospital San Pablo claims that since the father and the mother of the minor reside in Florida because the father is enlisted, the presumption of Puerto Rican domicile continues because the domicile of a serviceman is not affected by temporary assignments in the course of duty. See *Ellis v. Southeast Construction Co.,* 260 F.2d 280 (8th Cir.1958); *Beers v. North American Van Lines,* 836 F.2d 910 (5th Cir.1988). The presumption is not altered by the fact that the family accompanies the serviceman. See *Bowman v. DuBose,* 267 F.Supp. 312 (D.C.S.C.1967). The presumption of retention of the domicile prior to enlistment is, however, rebuttable. See *Ellis v. Southeast Construction* (supra); *Beers v. North American Van Lines* (supra). Plaintiff is authorized to prove that "he has formed the intention to make a home in that state." 13B Charles A. Wright, Arthur R. Miller and Edward A. Cooper Federal Practice and Procedure § 3617, at 567 (1984) (hereinafter "Wright, Miller & Cooper"). Proof of the new domicile acquisition however "requires clear and unequivocal evidence" 13B Wright, Miller & Cooper § 3617 at 567; *Mizell v. Eli Lilly & Co.,* 526 F.Supp. 589 (D.C.S.C.1981); *Vitro v. Town of Carmel,* 433 F.Supp. 1110 (S.C.N.Y.1977); *Deckers v. Kenneth W. Rose Inc.,* 592 F.Supp. 25 (M.D.Fla.1984).

When domicile is questioned the courts examine various factors, "voting registration and voting practices, location of personal and real property, location of brokerage and bank accounts, membership in unions, fraternal organizations, churches, clubs and other associations, place of employment and business, drivers licence and auto registration, payment of taxes as well as others. No single factor is conclusive." 13B Wright, Miller & Cooper § 3612 at 530–531; *Bank One, Texas, N.A. v. Montle,* 964 F.2d 48 (1st Cir.1992); *Lundquist v. Precision Valley Aviation Inc.,* 946 F.2d 8 (1st Cir.1991).

The crucial time for diversity purposes is the moment of the filing. *Koenigsberger v. Richmond Silver Mining Co.,* 158 U.S. 41, 15 S.Ct. 751, 39 L.Ed. 889 (1895); *Bank One Texas N.A. v. Montle,* 964 F.2d 48 (1st Cir.1992). Once jurisdiction has been challenged, the party involving diversity has the burden of establishing it. *Bank One,* 964 F.2d at 50. Further "[T]here is ... a presumption in favor of continuing domicile." (*Id.*)

## II.

Plaintiff contends that having completed D.D. 2058 (Department of Defense form 2058, State of Legal Residence Certificate on August 18, 1994) prior to the filing of the complaint on December 28, 1994 is "unmistakable" evidence of his new domicile. (Opposition by Plaintiff Docket No. 47). However, an examination of the document reveals that its purpose is "for determining the correct state of legal residence for purposes of withholding income taxes from the military." The form further forewarns the subscriber that intention of a change of domicile must be followed by the subscriber's compliance with other criteria such as: (1) registering to vote, (2) purchasing residential property, (3) titling and registering automobiles, (4) notifying the state of the previous domicile of change of domicile, (5) preparing

a new last will and testament indicating the new state of legal residence. The form states that "generally, unless these five steps have been taken, it is doubtful that your state of legal residence/domicile has changed."

Plaintiff made the following statement at his deposition:

"Well since I went into the Army I have been paying taxes to the government of Puerto Rico and when I claimed any tax refunds they would practically ... what they would refund to me would be practically minimum. I then found myself in a situation when too much money was being withheld from me and then in Miami you don't pay taxes, since I reside there. And my plans are that when I retire I will live there and change [sic] my residence."[1]

At the time of filing plaintiff Hansel Rosado Cancel was registered to vote in Puerto Rico and not registered to vote in Florida. Plaintiff Deborah Marrero Alvarez had not voted at the time, neither in Puerto Rico, nor in Florida. After the filing of the complaint both have registered in Florida to vote. Mr. Hansel Rosado possesses a Florida driver licence issued on September 21, 1994; he also had his Puerto Rican drivers licence reissued in July 1994. Plaintiffs do not have real estate property but own a car registered in Florida previously registered in Puerto Rico. Plaintiffs' maintain their principal bank account (direct deposit account) in Puerto Rico (Ft. Buchanan) wherein their income from the Armed Forces is deposited bi-weekly. Plaintiffs have a joint account in Florida wherein small amounts of money are transferred from the principal bank account in Puerto Rico. Plaintiff Hansel Rosado's present home of record continues to be in Vega Baja, PR.[2] Plaintiff Deborah Marrero currently belongs to church/religious associations in Florida. While living with her husband who was serving in the Armed Forces in Panamá, plaintiff Deborah Marrero Alvarez traveled to Puerto Rico for the birth of minor Debyan Rosado Marrero. When plaintiff Rosado was assigned overseas to Korea, Deborah Marrero transferred and lived in Puerto Rico.

At the time of filing of the complaint, other criteria suggested in form DD2058 revealed the following: Plaintiff had not registered to vote in Florida; had not purchased any real estate in Florida; had titled one automobile in Florida; had not notified Puerto Rico authorities as to change of domicile, and had not prepared a last will and testament in Florida.

The Court recognizes that both representative Plaintiffs provided testimony as to their intend to eventually retire in Florida. However "a party's own declarations concerning his domicile, as is true of any self-serving statement, are subject to judicial skepticism. They are awarded little weight when in conflict with the facts." See 13B Wright, Miller & Cooper § 3612 at 532; *Hendry v. Masonite Corp.,* 455 F.2d 955 (5th Cir.) cert. denied 409 U.S. 1023, 93 S.Ct. 464, 34 L.Ed.2d 315 (1972); *Lew v. Moss,* 797 F.2d 747 (9th Cir.1986); *Kressen v. National Ins. Co.* 648 F.Supp. 1165 (D. Puerto Rico 1986); *White v. All America Cable & Radio,* 642 F.Supp. 69 (D.Puerto Rico 1986); *Miranda v. Miranda,* 686 F.Supp. 44, 47 (D.Puerto Rico 1988).

In the instant case the presumption of "continuing domicile" in Puerto Rico, *Bank One,* 964 F.2d at 50, is strong and reinforced by the following facts relating to Puerto Rican domicile. Both representative plaintiffs lived in Puerto Rico most of their lives prior to military enlistment, Mrs. Marrero Alvarez returned to Puerto Rico while stationed in Panama to give birth to minor Debyan Rosado, and later returned to Puerto Rico when her husband was assigned overseas to Korea. The Court is not persuaded that plaintiffs have met the "clear and unequivocal evidence" test to override the presumption. At the time of filing, the critical moment to determine diversity, *Bank One, Texas, N.A. v. Montle* (supra), plaintiffs still had their

---

1. The Court further notes that the State of Florida does not have an income tax obligation while the Commonwealth of Puerto Rico has a graduated income tax obligation for its citizens.

P.R.Laws Annotated tit. 13, § 8001 et seq. (Butterworth's Supp.1995)

2. See transcript of Plaintiff's deposition, p. 45.

home of record in Vega Baja, maintained a Puerto Rican driver's licence, had their principal direct deposit checking account in Fort Buchanan, and Plaintiff Hansel Rosado Cancel was registered to vote in Puerto Rico. Further, although plaintiffs had completed form DD2058 to change the residence of record for income tax withholding purposes, most of the other criteria suggested by the form were not fulfilled by plaintiffs.[3]

The Court recognizes that the record contains some criteria pointing toward domicile in Florida (i.e. DD Form 2058, a car registry in Florida, membership in religious associations); however, the record falls far short of complying with the criteria of "clear and unequivocal evidence."

Since Plaintiffs have failed to rebut by "clear and unequivocal evidence" the presumption of continued Puerto Rican domicile, there is no diversity jurisdiction and the case must be dismissed.

IT IS SO ORDERED.

## JUDGMENT

Because the Court lacks diversity jurisdiction pursuant to 28 U.S.C. 1332, the case is hereby dismissed.

IT IS SO ORDERED.

---

3. "Generally, unless these steps have been taken, it is doubtful that your legal residence/domicile has been changed" DD Form 2058.